[No. 12035.    Department Two. — May 20, 1887.]

# FRANCISCO ESTUDILLO, RESPONDENT, v. JULIUS MEYERSTEIN ET AL., APPELLANTS.

INSOLVENCY— FRAUDULENT DISCHARGE — AGREEMENT TO PAY CERTAIN CRED- ITORS IN FULL. — Under section 49 of the Insolvent Act of 1880, a dis- charge granted to an insolvent debtor is invalid and will be set aside, if the insolvent, pending his application for a discharge, verbally agrees with certain of his creditors to pay them their claims in full in consideration of their not opposing his application.  Such an agreement is a "pecuniary consideration or obligation," within the meaning of that section.

ID. — SETTING ASIDE DISCHARGE — FORM OF PROCEEDING. — Under section 53 of the Insolvent Act, a discharge fraudulently granted may be set aside by the court which granted it, in any suitable proceeding brought for that purpose.  The application to set aside need not necessarily be made by motion in the insolvency proceedings.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Byron Waters, Henry W. Willis,* and *Naphtaly, Freid- enrich & Ackerman,* for Appellants.

*H. C. Rolfe,* and *Paris & Goodcell,* for Respondent.

BELCHER, C. C. —This is an action to set aside and annul the discharge from their debts, granted to the de- fendants in certain insolvency proceedings under the

Insolvent Act of 1880. It is alleged in the complaint that on the seventeenth day of February, 1885, the defendants were doing business as partners, and the plaintiff had a claim against them, which was provable against their estate in insolvency; that on that day a creditors' petition was filed against them, upon which they were, on the 6th of March, 1885, adjudged insolvents; that thereafter they applied for their discharge, and on the 27th of August, 1885, the court duly made an order discharging them from all their individual and partnership debts, in accordance with the provisions of the Insolvent Act. It is then alleged, as ground for setting aside and annulling the discharge, that while the proceedings in insolvency were pending, and prior to the granting of the discharge, the defendants, and each of them, promised and agreed to and with two of their creditors, C. Jansen and E. Sommer, that, if they would not oppose the application for discharge, then the defendants, in consideration thereof, would, after the granting of such discharge, pay to the said creditors the full amounts respectively due them; that these promises and agreements were made with the intent and for the purpose of influencing the action of Jansen and Sommer, and of inducing them, and each of them, not to oppose, delay, or obstruct the granting of a discharge to the defendants; that Jansen and Sommer, prior and up to the time of the making of said promise and agreement, intended, in good faith and upon what they deemed good and sufficient grounds, to oppose the granting of a discharge to either of the defendants, and that they would have opposed it but for the said promise and agreement; that they relied upon the said promise and agreement, and were thereby influenced and induced not to oppose the discharge of defendants; that the discharge was thus fraudulently obtained; and that plaintiff had no notice or information of the facts constituting the fraud until after the discharge was granted.

The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and thereupon defendants answered specifically, denying that they made any promise to Jansen or Sommer, or influenced them in any way, or to any extent, not to oppose their discharge. Upon the trial the court found against the defendants, and adjudged that their discharge be set aside and annulled. The appeal is from the judgment and an order denying a new trial.

1. The Insolvent Act provides (section 49) that "no discharge shall be granted, or, if granted, shall be valid, if the debtor, . . . . or any other person on his account or in his behalf, has influenced the action of any creditor at any stage of the proceedings by any pecuniary consideration or obligation." It further provides (section 53) "that any creditor of said debtor, whose debt was proved or provable against the estate in insolvency, who shall see fit to contest the validity of such discharge on the ground that it was fraudulently obtained, and who has discovered the facts constituting the fraud subsequent to the discharge, may, at any time within two years after the date thereof, apply to the court which granted it, to set aside and annul the same."

It is urged for the appellants that the promise to pay Jansen and Sommer was verbal, and against the policy of the law and void, and therefore it did not constitute a "pecuniary consideration or obligation"; that the plaintiff should have alleged and shown that something besides a mere verbal promise was actually received by them. Whether the promise was verbal or in writing does not appear from the record; but in whichever way made, it was equally against the policy of the insolvent law, and void. The rule is, that even a promissory note or bond given by an insolvent, or any one in his behalf, to prevent opposition to his discharge, is illegal and void, and its collection cannot be enforced. (*Bell* v. *Leggett*, 7 N. Y.

176; *Rice* v. *Maxwell*, 13 Smedes & M. 289; S. C., 53 Am. Dec. 85; *Tuxbury* v. *Miller*, 19 Johns. 311.)

A pecuniary obligation is an obligation to pay money, and, in the absence of a statute requiring it to be in writing, may be verbal. The statute controlling this case, as has been seen, does not require that the obligation be in writing, or be one that can be enforced in the courts. It provides simply that, when the action of any creditor has been influenced at any stage of the proceedings by *any* pecuniary consideration or obligation, the discharge shall not be valid; and any other creditor, who had no knowledge of the facts constituting the fraud when the discharge was granted, may, at any time within two years thereafter, apply to have it set aside and annulled. In our opinion, the complaint stated all the facts required by the statute to render the defendants' discharge invalid, and the demurrer was therefore properly overruled.

2. It is claimed that the mode of proceeding adopted by the plaintiff to have the discharge set aside is not the proper one; that the remedy should have been sought by motion in the insolvency proceeding, and not by an independent action. The statute says that any creditor, having a provable debt, may apply to the court which granted the discharge to set aside and annul the same, but does not say how the application shall be made. In such a case, any suitable mode of proceeding may be adopted (Code Civil Proc., sec. 187), and we fail to see why the mode adopted here is not suitable and proper.

3. It is further claimed that the findings are not justified by the evidence. In answer to this, it is enough to say that the court found the facts to be as they are set out in the complaint, and there was testimony tending to support all of its averments. A new trial cannot therefore be granted upon this ground.

It follows that the judgment and order should be affirmed.

FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.