## No. 10,526.

## WILLIAMS *v.* HANKINS, EXECUTOR.

Decided March 3, 1924.   Rehearing Denied April 7, 1924.

Petition by a widow for the appointment of an administrator of the estate of her deceased husband. Petition denied.

### *Reversed.*

1. FRAUDS—*Statute—Antenuptial Agreement.*   An oral antenuptial agreement made in consideration of marriage, held void under the statute of frauds.

2. WILLS—*Probate—Antenuptial Agreement.*   A proceeding to enforce rights and obligations of parties under an antenuptial agreement does not include the probate of a will made by either, which matter could only arise at a later period, to be determined in the first instance in the county court.

3. ESTOPPEL—*Operation.*   An estoppel operates only when the person relying upon it has been misled to his disadvantage.

4. JURISDICTION—*Consent.*   Consent cannot give jurisdiction of the subject matter.

5. *Judgment.*   Jurisdiction includes not only the power to hear and determine a cause, but to enter and enforce a judgment. If there is no right in the court to enter the particular judgment, the entry is without jurisdiction.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. T. J. O'DONNELL, Mr HENRY O. ANDREW, for plaintiff in error.

Messrs. MARTIN, NEWCOMER & FITZGERALD, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

The plaintiff in error, hereinafter called the petitioner, filed in the county court of Boulder county an application for letters of administration upon the estate of Benjamin M. Williams, deceased, her late husband.

Four days later the defendant in error, hereinafter called the proponent, filed his petition for the probate of the will of said Benjamin Williams, which had been executed in 1911. This petition, after setting up the execution of the will and the death of the testator, alleged that the petitioner and the said Benjamin Williams were married in 1917; that thereafter said Benjamin Williams was adjudged mentally incompetent, and the proponent was appointed conservator of his estate; that said petitioner instituted a suit in the district court of Boulder county, which is No. 7463, in which she recovered a judgment of $15,000 which had been satisfied, in lieu of all rights of inheritance. In consequence of all of which, it was alleged that the petitioner, under the judgment aforesaid, was not entitled to receive anything from the estate of said mental incompetent on his death, and that therefore she had no right of administration.

The complaint and judgment in cause No. 7463 are attached to the petition as exhibits, from which it appears that the petitioner, as plaintiff, in 1918, brought suit making the conservator and several of the beneficiaries named in said will parties defendant, setting out that, previous to the marriage of the petitioner and said Williams, they had entered into an antenuptial agreement by which the said

Benjamin Williams agreed to pay the petitioner the sum of $15,000 immediately after the marriage of the parties, and to relinquish all right to inherit from said petitioner; and she agreed, in consideration of the above named promises, that she would make no claim upon his estate, either in the nature of a widow's allowance, or of inheritance, and she relinquished all right to administer the estate of said Williams.

The court found that said Williams had made a will in 1911, and that prior to the marriage an antenuptial agreement was made as above set out. Wherefore, it was adjudged that the plaintiff recover the sum of $15,000 from the estate of the mental incompetent; that the heirs of said Benjamin Williams should take nothing as heirs of the said petitioner; that the petitioner should take nothing from the estate of the mental incompetent, which he had at the time of his marriage or afterwards acquired; that all of his property be and remain subject to his sole disposal, and that it should pass, as provided by the will, to the parties named therein.

It was further adjudged that upon the death of Benjamin Williams, said will should be probated as his last will and testament, as if the marriage had never occurred, and that "If the same as a last will and testament shall not be offered or admitted to probate as such last will and testament, nevertheless, as by said antenuptial agreement contemplated, the property and estate of said Benjamin M. Williams shall pass to the persons named as legatees and devisees in the amounts and of the kind designated therein to each of them respectively, etc."

It was also decreed that the marriage between the parties should not operate as a revocation of the terms of the will, or in anywise affect the same.

The petitioner filed a caveat to the probate of the will, alleging that the district court was without jurisdiction in said action No. 7463 to hear and determine anything with reference to the will.

The proponent filed several answers to this caveat, one

of which, upon a motion to make more specific, was amended to state that the antenuptial agreement was oral. The answers also set up that the defendants in the cause mentioned were named as beneficiaries in the will and codicils; that the estate amounted to about $87,000; and that the judgment for $15,000 had been paid to the petitioner. It was further pleaded that petitioner was estopped to deny that she was bound by the terms of the antenuptial agreement.

The petitioner made numerous motions to strike from the answers, and also filed demurrers to the same, raising the question of the jurisdiction of the court in cause No. 7463, and denying that the answers were sufficient to meet the objections made by the petitioner in her caveat.

Objections and demurrers were overruled, and judgment was entered in favor of the proponent; and the petitioner was adjudged not to be entitled to the administration of said estate.

It was further adjudged that the petitioner had no right to interpose the caveat, or to be heard thereon. The county court was, therefore, directed to proceed to hear and determine the petition of proponent for the probate of the will.

In behalf of the petitioner it is urged that the district court had no jurisdiction to enter the judgment in 7463, because it recognized and assumed to enforce an antenuptial agreement made orally, and with but one of the parties thereto in court. And further, that said judgment was void because the court had no jurisdiction of the subject matter of the suit, or to enter the judgment rendered.

It appears from the complaint in said cause that the antenuptial agreement was made in consideration of marriage and it is, therefore, void under the staute of frauds. This fact did not appear in said suit but as above stated, has developed in the proceedings now under consideration. There having been no antenuptial agreement, all claims based upon such agreement are without foundation.

Whatever might have been the rights and obligations of the parties to such a contract, if valid, a proceeding to enforce such rights, instituted before the death of either, would not include the probate of a will made by either of the parties. That is a matter which could only arise at a later period, to be determined, in the first instance, in the county court. Moreover, the decree, practically, made a will for the mental incompetent, and subjected his estate to the payment of a large sum of money, on an agreement, on which he had not been heard, and which was absolutely void.

It is insisted, however, that the petitioner is estopped to deny that she had entered into the agreement in question, because she has received $15,000 in accordance with the terms thereof. An estoppel operates only when the person relying upon it has been misled to his disadvantage. It does not appear that any person claiming under the will changed his position for the worse because of the action of the petitioner. It is said that she got the $15,000 and retains it, and therefore ought not to question the decree. The will being a nullity and the oral agreement being void, the petitioner being, as the court found, the widow and sole heir of Williams, was entitled to the whole estate. The fact that she got $15,000 in advance of her legal right to it is not a matter of which any of the persons named can complain.

The fact that the decree in cause No. 7463 was rendered by consent of the petitioner does not bar her from questioning its validity if it was rendered in a case of which the court had no jurisdiction. Consent cannot give jurisdiction of the subject matter. It is not the province of this court to approve a judgment entered by a court not having jurisdiction to render the judgment. The part which is relied upon to defeat petitioner's right to administer, is not that which gives her the $15,000, but that which adjudges that the marriage did not revoke the will, that petitioner should have no right in the estate of her

husband when he died, and that the said property should pass as provided by the will, whether it were probated or not. Jurisdiction includes not only the power to hear and determine a cause, but to enter and enforce a judgment. If there is no right in the court to enter the particular judgment entered, the entry is without jurisdiction. *Tebbetts v. People,* 31 Colo. 461, 473, 13 Pac 869; *People v. Burke,* 72 Colo. 486, 212 Pac. 837, 844; *Windsor v. McVeigh,* 93 U. S. 274, 23 L. Ed. 914. In the last-named case the court points out that, if a court having jurisdiction of the parties and the subject matter, renders a judgment in which it transcends the power conferred by law, in so doing it acts without jurisdiction, and its judgment is void. The judgment in cause No. 7463 was void, and forms no basis for denying to petitioner her rights as widow. It did not and could not render effective a will which had been revoked by operation of law. The petitioner's objections and demurrers should have been sustained.

The judgment is accordingly reversed, and the cause is remanded, with directions for further proceedings in harmony with the views herein expressed.

MR. JUSTICE CAMPBELL and MR. JUSTICE DENISON not participating.