## No. 11,288.

### WILLIAMS, ADMINISTRATRIX v. HANKINS.

Decided March 15, 1926.   Rehearing denied April 19, 1926.

Proceeding involving claim against the estate of a deceased person. Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

1. CONSTITUTIONAL LAW—*Executors and Administrators.* Section 5220, C. L. '21, is constitutional.

2. WILLS—*Contest.* Where a will is presented for probate, caveat filed, and the validity of the will tried and determined, it is a will contest.

3. *Executors and Administrators—Good Faith.* An executor under the terms of a will acts in good faith in presenting the will for probate if he honestly believes it to be valid.

4. PLEADING—*Demurrer—Facts Admitted.* A demurrer to a pleading admits all well pleaded facts contained therein, and if the demurrer

is overruled and the pleader elects to stand, the facts so admitted cannot be further questioned in the case.

5.   EXECUTORS AND ADMINISTRATORS—*Good Faith.* The contention that an executor could not have acted in good faith in presenting a will for probate, because he was a legatee under its terms, overruled.

6.   COSTS—*Presumption.* Court costs are presumed to be reasonable in amount and where claimed as an item of damage, are a liquidated sum.

7.   ATTORNEY AND CLIENT—*Executors and Administrators—Fees.* In an action involving a claim against the estate of a deceased person for attorney fees, there is no presumption that the amount claimed is reasonable, that question must be determined by evidence under proper proceedings.

8.   *Executors and Administrators—Fees.* Claims for attorney fees against the estates of deceased persons should be considered with the greatest caution.

*Error to the County Court of Boulder County, Hon. E. J. Ingram, Judge.*

Mr. ROBERT EMMET LEE, Mr. HENRY O. ANDREW, Mr. HORACE N. HAWKINS, for plaintiff in error.

Messrs. MARTIN, NEWCOMER & FITZGERALD, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE county court allowed a claim of defendant in error against the estate of Benjamin M. Williams, deceased, and the administratrix brings error.

The essential facts are that Williams executed a will, afterwards married the plaintiff in error, was then adjudged insane and the defendant in error was appointed as his conservator. The wife brought suit against the conservator to enforce an ante-nuptial contract that for

$15,000 to be paid to her she should claim nothing upon his death, and his estate should devolve as per his will, notwithstanding the marriage. The district court sustained her suit and $15,000 was paid to her. Thereafterwards Williams died, the widow applied for letters of administration and Hankins who was a legatee and named as executor, petitioned for probate of the will. In that petition he alleged the marriage, the ante-nuptial contract, the suit and the judgment thereon and the payment of the same. To his petition the widow filed a caveat, claiming that the will was revoked by the marriage. The county court sustained the will; the district court on appeal did the same. This court reversed that decision (*Williams v. Hankins,* 75 Colo. 136, 225 Pac. 243), on the ground that the ante-nuptial agreement was void, and that the court had no jurisdiction to render the judgment which was in effect a probate of the will before death. The county court thereupon issued letters of administration to the widow. Then the present proceeding was taken by Hankins, which was a petition to the county court to recover his attorney's fees and expenses under the statute, C. L. § 5220, which makes it the duty of one named as executor to present the will for probate or renounce his executorship within thirty days from the death, and further provides that if he acts in good faith his reasonable expense and attorney's fees shall be paid out of the estate. The petition alleges that he acted in good faith. The administratrix demurred to this petition and her demurrer was overruled. She stood by the demurrer and the claim was allowed as above, attorney fees at $3,000.

1. She claims that the statute, said section 5220, is unconstitutional because it requires the heirs and distributees of the estate to pay the expenses of the proceeding to establish the will which is to defeat their interests. We cannot say that the statute is unconstitutional. The right of the heirs is statutory; the right of the widow as heir of the estate in this case is statu-

tory; the legislature by any act prior to the husband's death might deprive her of it entirely or deprive her of any portion of it, and the effect of this enactment is merely to deprive her of a portion of it conditionally.

The plaintiff in error cites *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. Rep. 49, wherein it is held that the provision in the Mechanics' Lien Act for taxing an attorney's fee as costs in favor of the successful claimant is a contravention of section 6 of the bill of rights "That courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and that right and justice should be administered without sale, denial or delay." The ground of that decision was that the act imposed a penalty upon the defendant for exercising his constitutional right of defense, which was true, and the court might have added that that penalty would be imposed, in all ordinary cases, upon a man not only innocent but not even liable for the debt which is made a lien upon his land, but here the attorney's fee is not a penalty but a limitation on a right conferred by statute. It is not a depletion of one's property, but a restriction upon a gift to him; to reduce it to its lowest terms, not a taking away but a giving of less, and moreover, is not for the purpose of a penalty, but to protect one attempting to perform his statutory duty from personal loss by reason of the performance thereof. The statute is not unconstitutional.

2. It is said that the proceeding is not a will contest. It was nothing else. The will was presented, the caveat was filed, and the validity of the will was tried and determined, and was the only material question in the case.

3. It is said that Hankins did not act in good faith, but from the motive of his legacy in the will. He acted in good faith if he honestly believed the will valid. *State v. West Branch Lumber Co.,* 64 W. Va. 673, 689, 63 S. E. 372; *Searl v. School Dist.,* 133 U. S. 553, 10 Sup. Ct. 374, 33 L. Ed. 740; *Bank v. Fischer,* 75 Colo. 371, 226

Pac. 146. It cannot be said upon this record that he did not honestly believe the will valid, without saying that neither the district judge before the death of Benjamin Williams, nor the county court, nor the district court after that death, honestly believed it valid, but that their decisions were in bad faith. All that he knew they knew. But besides this the petition in the present proceeding alleges that the petitioner acted in good faith and by demurrer the administratrix admitted it. Good faith is an ultimate fact. It means honest belief. When plaintiff said he proposed the will in good faith it was the same as if he had said he did it in the honest belief that the will was valid and was a sufficient pleading of that fact. The demurrer admitted it, and when the administratrix stood by her demurrer it became a fact not further to be questioned in this case. If the administratrix wished to litigate the question of good faith she should have denied it.

The claim that Hankins could not have acted in good faith because he was personally interested, will not bear examination. In almost every case involving a question of good faith, he whose good faith is questioned has acted in his own interest. The familiar examples are bona fide purchasers of commercial paper or land. If the hope of fees as executor is a negative of good faith no one named as executor could in good faith propose the will for probate.

4. But the judgment must be reversed in part. The petitioner alleges that he paid the costs in this court. They are presumed to be reasonable in amount and so are a liquidated sum. The expenses and attorneys' fees, however, cannot be presumed to be reasonable, and the court should have assessed the damages upon evidence, by referee, by court or by jury, instead of giving judgment at once for the amounts claimed in the petition.

The proceeding is analogous to assumpsit for money laid out and expended, at common law. Under that practice, upon demurrer to declaration overruled, the

court entered an interlocutory judgment and thereupon proceeded to assess the damages usually by reference (1 Tidd Pr., 568), and entered a final judgment for the amount assessed. This was the same as upon default. Under the Code, upon demurrer to complaint overruled, we likewise proceed as upon default, Code 1921, § 80, and upon default in actions on contracts for unliquidated damages we assess by jury, referee or court. Code 1921, § 186. There is then no substantial difference in this respect between the practice at common law and the Code. Perhaps, neither, in a strict sense, governs the probate court, but the underlying principle is the same everywhere. In the present case the damages (claims), except the costs, are unliquidated, and they should have been assessed in some proper way. The attorney fees seem, upon the record, to be very large, but without more evidence we are reluctant to say what is reasonable. We are of the opinion, however, that the allowance of claims for attorneys' fees against estates is so often excessive that they should be considered with the greatest caution.

The judgment is affirmed except as to the amount of attorney's fees and the amount of expenses otherwise than costs, as to which it is reversed and remanded with directions to assess these amounts and render judgment for petitioner for a sum so found reasonable.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur in the reversal of so much as is reversed, but are of the opinion that the judgment should be reversed in toto, and evidence taken on the whole matter.