No. 11,109.

MURRAY *v.* STUART, ET AL.

Decided April 26, 1926.   Rehearing denied June 1, 1926.

Action to quiet title and for accounting.   Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

1.   EXECUTORS AND ADMINISTRATORS—*Trusts.*   An administrator is charged with a trust concerning decedent's interest in real estate.

2.   *Estate Dealings—Profit.*   An administrator is forbidden to make a profit out of dealings in connection with estate property.

3.   *Commission—Public Policy.*   An administrator's contract for commission on sale of real estate belonging in part to the estate held contrary to public policy, and no action can be maintained thereon.

4.   APPEAL AND ERROR—*Findings.*   Findings of the trial court based on conflicting evidence will not be disturbed on review.

5.   *Court Orders—Presumption.*   The appellate court will not assume that a court order is incorrect, in the absence of anything in the record disclosing the alleged error.

6.   COMPROMISE AND SETTLEMENT—*Receipt.*   Acceptance of money by a co-owner and the giving of a receipt in full settlement of his claims to the fund collected on account of the property, held to terminate the co-owner's claim.

7.   APPEAL AND ERROR—*Record—Decree.*   Alleged error because of failure of the trial court to cancel a deed and clear the title to real property, not appearing in the partial decree contained in the record, will not be considered on review.

8.   *Incomplete Record.*   The question of whether a conservator should have had judgment, not considered on review, the record being silent regarding that matter and the conservator not being in court making such a claim.

9.  EXECUTORS AND ADMINISTRATORS—*Creditors—Parties.*  The appellate
    court is without jurisdiction to determine the rights of creditors
    of an estate to obtain an order for the sale of real estate, the
    record being silent as to who such creditors are, and they not being
    in court.

*Error to the District Court of the City and County of
Denver, Hon. Charles C. Butler, Judge.*

Mr. CHARLES A. MURRAY, Mr. FRANK L. GRANT, for
plaintiff in error.

Mr. F. R. LILYARD, Mr. ALBERT S. BROOKS, Mr. THOMAS
B. STUART, for defendants in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

BILL in equity by Stuart against Murray, Loomer, the
Twin Lakes Mining and Milling Company, and others to
quiet title to mining property and for an accounting
against Murray.  The defendants are numerous, with
varied and conflicting interests.  Title was quieted in
various parties and an accounting ordered.  Three per-
sonal judgments were awarded against Murray, one in
favor of Loomer individually, another in favor of
Loomer as administrator of the estate of Belinda Brown,
deceased, and another in favor of Loomer as adminis-
trator of the estate of Constance H. Brown, deceased.
Murray brings error and Stuart alleges cross errors.
None of the other parties assign error.  The only parties
before us are Stuart, Murray, and Loomer in the above
three capacities.

The real estate in question is the Gordon and Bengal
Tiger lode mining claims in Lake county, and other
property, but that part of the decree which quiets title
to the real estate has not been certified to this court for

review. Without passing on the title, it is sufficient for the purpose of considering the money judgments, to say that it is admitted in the briefs that according to the decree, the undivided interests in the real estate stand as follows: Stuart, one-fourth; Murray, one-fourth; heirs of Belinda Brown, deceased, one-fourth, and heirs of Constance H. Brown, deceased, one-fourth. Stuart and Murray acquired their interest by legal services rendered, in and out of court.

Belinda Brown died in Colorado in 1892. An administrator of her estate was appointed, but was subsequently removed, and on August 12, 1898, Loomer was appointed administrator de bonis non. *Gordon-Tiger Mining & Reduction Co. v. Loomer,* 50 Colo. 409, 115 Pac. 717. Loomer is and has been acting as such administrator for over 27 years. Claims have been filed and allowed against the estate and it has no personal property. Deceased left no real estate of any value except her interest in the above mentioned realty.

Constance H. Brown died in New York; one Charles H. Dean was appointed executor under her will and qualified in that state; in the year 1918 Loomer was appointed administrator in Colorado of the Constance H. Brown estate and he is still so acting.

October 1, 1914, an agreement was made to sell the entire interests of all of the owners of the Gordon and Bengal Tiger lode mining claims and other real estate to G. W. Boyce and J. W. Henney, for $100,000.00 on installments that the latter agreed to pay. For the vendors, Murray signed for himself and also for Stuart under a power of attorney from the latter; the agreement was also signed by the then representatives or purported representatives of the other owners. October 9, 1914, Boyce and Henney assigned their part of the contract to the Twin Lakes Mining and Milling Company, who took possession and operated the property, but afterwards defaulted and the company did not obtain

deeds to the property. Murray collected about $5,470.42 from the company for himself and his co-owners, being part payments on the purchase price of the whole property and some royalties and interest. Murray paid $1,000.00 to Stuart, but did not account for the balance to the other owners, alleging as a reason that there were conflicting claims on the fund; also that he had made payments for taxes and other expenses, and also that $1,000.00 was due to himself for services, besides his personal interest in the fund. Upon being ordered to account, Murray paid $1,725.80 into the registry of the court. Most of this has since been paid out for taxes under court orders. The court decreed what credits Murray should be allowed on the full amount received by him from the Twin Lakes Mining and Milling Company and gave judgment against him for the balance. Loomer's personal claim against Murray was for an alleged real estate commission in the sum of $1,000.00 and interest thereon, and for this Loomer recovered judgment.

Loomer had three sources to look to, according to his viewpoint, from which he was entitled to remuneration for helping put through the Boyd and Henney deal. First, under R. S. 1908, section 7243, then in force, he would have been entitled as administrator of the Belinda Brown estate, not to exceed three per cent on the sale of the one-fourth interest of the decedent in the land; second, $12,000.00 from the heirs under an agreement that he claimed to have with them; third, Murray's alleged promise to pay him $1,000.00. It is the third one on which he got judgment. We are not here concerned with the legality of the second, nor with either of the first two, except to determine whether Loomer can maintain an action against Murray for $1,000.00, for a brokerage commission involving real estate of a decedent of whose estate he was administrator. This involved the Belinda Brown estate. He was not then administrator of the Constance H. Brown estate.

1. Loomer testified, "I was working in the interest of the estate and myself at the same time." Can he do this? Briefly, the point is whether we shall attempt to reverse the ancient principle that "no man can serve two masters," and whether it shall be disregarded because the interest of one is so small, that is, only one-fourth.

Loomer as administrator was charged with a trust concerning the Brown interest in the real estate. Woerner on Administration (3rd Ed.) § 487, p. 1690. He had a very definite duty in respect to it under C. L. 1921, section 5262, which reads in part as follows:

"Executors, unless otherwise provided by will, and administrators, guardians and conservators, shall, by virtue of their office, have power, and it shall be their duty to receive, take possession of, sue for, recover and preserve the estate, both real and personal, of their testators, intestates or wards, and the rents, issues and profits arising from the real estate and all of such personal property and the moneys arising therefrom, or from the rents, issues and profits of the real estate, or from the sale, leasing or mortgaging of the real estate, during the terms of their office, shall be assets in the hands of the executor, administrator, guardian or conservator, for the payment of debts, legacies, widow's, wife's, minor's or orphan's allowance and expenses of administration, guardianship or conservatorship, and shall be administered under the direction of the county court, in the same manner as moneys, arising from the sale of personal property   *   *   *."

As administrator, Loomer was forbidden by law to make a profit out of dealing on behalf of the estate. *In re Macky Estate, Regents v. Wilson,* 73 Colo. 1, 213 Pac. 131. It is true that the payment of $1,000.00 by Murray to Loomer would not have come out of the Brown estate, but such an agreement was illegal, whether Loomer's profits depleted the estate or not. *In re Macky Estate,*

*supra.* Being illegal, Loomer cannot maintain an action thereon. And even though Murray may have made the agreement, knowing that Loomer was such administrator, the fact that both of them were or may have been wrong does not make Loomer right, nor entitle him to recover on an agreement in breach of his trust, although it may have extended to only one-fourth interest in the property involved.

In Woerner on Administration (3rd Ed.) § 487, p. 1694, referring to executors and administrators acting in dual capacities—for themselves and estates—as buyers and sellers, it is said: "Courts of equity, regarding the weakness of ordinary men, take from them all temptation of purchasing at all." The same rule will apply as to Loomer's private interest in the sale of these mining claims, as it did in premiums on bonds, in the Macky case, supra. It would be improper for us to indulge in the deciphering of fractional interests to determine to what extent a man must be faithful to his trust. He must be faithful, be the interest great or small.

If the agreement under the Boyce and Henney contract had been for a separate sale of the undivided three-fourths interests of the other owners, without involving the one-fourth interest of the heirs of Belinda Brown, a different question would be presented on Loomer's right to a commission for procuring the sale of such three-fourths, but the contract was for the sale of the entire property, and not for a part. The deal was consummated upon the basis of the whole, otherwise Boyce and Henney would not have made the contract. Loomer's alleged agreement with Murray tainted the whole transaction as far as his claim to recover a commission is concerned. The agreement is contrary to public policy and the claim should have been dismissed.

2. As to the claims of the two Brown estates against Murray, an exhaustive examination of the record fails

to disclose anything to justify us in disturbing the judgment of the trial court in this regard. We find no error in the amount charged him as principal or interest against Murray in favor of the Brown estates. It does not appear that any interest was charged him on the money paid into court, after it was so paid. The judgments against Murray in favor of Loomer as administrator of the two Brown estates will therefore be sustained.

3. Murray says that he lost $1,000.00 because the court disallowed his claim in that amount for services. We are unable to see it this way. $250.00 of it was for services to himself as a one-fourth owner, $250.00 for services to Stuart with whom he made a voluntary settlement in 1918, and the other one-half claimed against the two Brown estates—one-fourth each—which the court held on conflicting evidence that he was not entitled to. Following our common practice, we shall not disturb such ruling.

4. Murray objects to an order allowing Stuart $293.02 out of the fund in court, for taxes paid by Stuart. Murray asserts that if such taxes were paid, it was before the settlement between himself and Stuart, hence concluded thereby, but he points to no place in the record to substantiate the assertion and we do not feel at liberty to assume that the order of the court was incorrect, so it will not be set aside.

5. The judgment dismissing Stuart's claim for damages against Murray was also on conflicting evidence with the weight in Murray's favor. The usual rule will be applied. Stuart also claims a balance alleged to be due him from Murray on the Boyce and Henney contract, but he settled this with Murray in 1918 and gave a receipt in full, reading: "In full payment and settlement of all of my claims to an interest in the fund collected on account of the Gordon-Tiger property, under the Boyce contract, including royalties thereon, and all

interest, amounting to $5,673.53." Nothing was paid subsequently by Boyce or Henney under their contract, so Stuart's claim against Murray in this behalf was terminated when he accepted $1,000.00 and gave his receipt in full.

6. Judge Stuart urges that the court erred in failing to cancel a certain Harrision S. Green deed and in not making necessary orders to clear the title, but what the court decreed or failed to decree concerning the title does not appear in the partial decree submitted to us for review; neither are we informed therefrom as to what persons the court had jurisdiction over, by summons or otherwise, or in fact who all of the heirs are. We shall therefore expressly disclaim any purpose of passing upon the right of anyone in or to the real estate. If it had been desired that we should review that part of the decree, it should have been certified here for the purpose.

7. Stuart alleges that one Niles, as conservator of an insane person, should have had judgment against Murray and Dean, the latter being the New York executor under the will of Constance H. Brown, deceased. Niles is not here making such claim and the part of the decree either for or against Stuart's contention upon behalf of a party not before us, is not in the record. We can only apply the same rule and let the matter alone.

8. Stuart asked for a decree declaring that the rights of creditors of the Belinda Brown estate to obtain from the county court of Lake county an order to sell the real estate have been barred by the statute of limitations. We are not informed by the record who such creditors are; they are not before us and it is beyond our jurisdiction to comply with plaintiff's request.

We do not consider it necessary to discuss any other question raised by the briefs. They are controlled by the views above expressed.

According to the foregoing we hold that the matters referred to in paragraphs 6, 7 and 8 hereof are not here

reviewable; that the individual judgment of Loomer against Murray be reversed and the demand dismissed, and that the remainder of the judgment and decree certified here by the record be affirmed. It is so ordered.

Mr. JUSTICE CAMPBELL and Mr. JUSTICE DENISON not participating.