No. 11,522.

WILLIAMS, ADMINISTRATRIX *v.* HANKINS, CONSERVATOR.

Decided July 5, 1927.   Rehearing denied September 19, 1927.

On petition to reopen conservatorship proceedings. Demurrer to petition sustained.

*Reversed.*

1.  PLEADING—*Demurrer.*   A demurrer admits all facts well pleaded.

2.  INSANE PERSONS—*Petition to Reopen Proceedings—Sufficiency.*   Averments of a petition to reopen proceedings in a conservatorship matter reviewed and held sufficient to entitle petitioner to relief.

3.  *Conservators—Trust Relationship.*   The utmost good faith is required of a conservator. He holds the estate for the benefit of the mental incompetent, and the law esteems it a fraud for one standing in such a relation to take for his own benefit a position in which his personal interests come in conflict with his duty.

4.  *Conservators—Trust Relationship.*   Equity forbids one standing in the relation of a conservator, which is analogous to that of a trustee, from making any profit in his dealings with the trust estate.

5.  *Practice and Procedure.*   The procedure provisions of the Colorado Code have no application to lunacy proceedings.

6.  COUNTY COURTS—*Guardians, Conservators, Administrators—Jurisdiction.*   County courts have inherent chancery jurisdiction in all matters of probate, appointment of guardians, conservators and administrators, and settlement of their accounts.

7.  *Estates—Powers.*   The county court as a court of probate may at any time in furtherance of justice revoke its orders and reopen proceedings with respect to settlement of estates of deceased persons and conservators which have been irregularly made and procured by fraud or mistake.

*Error to the County Court of Boulder County, Hon. E. J. Ingram, Judge.*

Mr. HORACE N. HAWKINS, Mr. ROBERT EMMET LEE, Mr. HENRY O. ANDREW, for plaintiff in error.

Messrs. MARTIN, NEWCOMER & FITZGERALD, Messrs. BARDWELL, McCOMB & STRONG, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a writ of error to the county court of Boulder county, to review the action of that court in sustaining a demurrer to the petition of plaintiff in error to reopen the proceedings of the conservatorship of Benjamin M. Williams, now deceased, and to surcharge the conservator with various items and amounts unlawfully disposed of by him.

A narration of some of the proceedings connected with the charge of lunacy and of the subsequent proceedings may be helpful in reviewing the sufficiency of the allegations of the petition now before us.

It appears that Benjamin M. Williams executed a will in 1911, and that his wife, Hattie E., died in 1914. In October, 1915, Williams executed a codicil to his will, in which he bequeathed to James C. Hankins, the defendant in error, $2,000, and named him as executor. Hankins at the time was cashier of the National State Bank of Boulder and Williams was one of its directors and a depositor of the bank to the amount of $25,000. On November 27, 1917, Williams married Elizabeth Jane Williams, the plaintiff in error. On December 15, 1917, Dudley A. Williams, a nephew of Benjamin M., and his sole surviving relative, who was also a legatee of a $2,000 life insurance policy and of $5,000 in cash, and an additional $10,000 in cash, under the provisions of his uncle's will, came to Boulder from Providence, Rhode Island, and instituted lunacy proceedings against Benjamin M. Williams, and was assisted in the prosecution of that charge by Hankins and their attorneys Tedrow & Fitzgerald, all of whom had been named as legatees in the Williams

will, alleging that old age, disease and mental weakness
had rendered him incapable, unassisted, of properly man-
aging and taking care of his property. A lunacy com-
mission was appointed December 15, 1917, and its first
session fixed by the court at 2 o'clock p. m. December 18,
1917, and the court at the same time appointed a guardian
ad litem. A notice was issued and served on Benjamin
M. Williams at 4 o'clock p. m. December 17, 1917, to be
present at the session of the commission December 18,
1917, at 2 o'clock p. m. On December 18, 1917, the county
court made an order that the case against Williams ''is
an aggravated case'' and that the guardian ad litem may
waive notice to the defendant of the time and place of the
first session of the commission. It appears from the
report of the commission that the first session was held
at 2 o'clock p. m. December 18, 1917, that Benjamin M.
Williams and the guardian ad litem were present, and
that the commission found that Williams, by reason of
''old age and weakness of mind, is incapable, unassisted,
to properly manage and take care of himself and his
property,'' which was approved by the county court on
the same day. On the following day Hankins petitioned
the court and made formal application to be and was
appointed conservator of Williams, and thereupon as-
sumed the duties of conservator. On December 20, 1917,
Williams made demand for a jury trial. Thereafter, the
demand to be tried by a jury was denied and dismissed,
on motion of Dudley A. Williams and Hankins, conser-
vator, appearing by their attorneys, Tedrow & Fitz-
gerald.

Thereafter, on May 2, 1918, the plaintiff in error insti-
tuted a suit, No. 7463, in the district court, against the
conservator, upon an oral antenuptial agreement, alleged
to have been made between herself and Benjamin M. Wil-
liams, for $15,000, which it was asserted was to be in lieu
of her rights of inheritance. Simultaneously with the
filing of the complaint all of the legatees appeared and
answered, including Hankins, as conservator, and a de-

cree entered in favor of the plaintiff. Immediately thereafter and upon the same day a transcript of the judgment was procured and filed in the county court in the conservatorship proceeding, and the claim allowed by that court and immediately paid by Hankins as conservator. The decree of the district court adjudged that the widow should take nothing as heir from the estate of her husband, the mental incompetent, and that all of his property remain subject to and pass by the will to the legatees named therein.

Thereafter, on October 11, 1920, Benjamin M. Williams died, and the plaintiff in error, as widow and sole heir filed in the county court an application for letters of administration upon the estate of her deceased husband. Four days thereafter Hankins filed his petition for the probate of the will of Benjamin M. Williams, executed in 1911, and in his petition challenged the right of the plaintiff in error to letters of administration upon the estate of her late husband, alleging payment of the judgment in the suit numbered 7463, in lieu of her rights of inheritance, and contended that she had no right, either as widow or heir, to administer the estate. Plaintiff in error filed a caveat to the probate of the will and denied the jurisdiction of the district court in the action numbered 7463. From an adverse decision in the county court she appealed to the district court, where her right to letters of administration was again denied. On a review of that judgment in this court, on April 7, 1924, the judgment of the district court was reversed, and the will and the judgment in case numbered 7463, in the district court, were adjudged to be null and void. *Williams v. Hankins,* 75 Colo. 136, 225 Pac. 243. We there said: "The will being a nullity and the oral agreement being void, the petitioner being, as the court found, the widow and sole heir of Williams, was entitled to the whole estate. The fact that she got $15,000 in advance of her legal right to it is not a matter of which any of the persons named can complain. * * * The judgment in cause No. 7463

was void, and forms no basis for denying to petitioner her rights as widow.''

On December 8, 1920, following the death of Williams, upon the application of Hankins, the conservator, the county court appointed him administrator to collect. Thereafter, on June 21, 1921, Hankins, as conservator, presented to the county court his final report, and procured an order of discharge as such, and thereupon made settlement as conservator and accounted to himself as administrator to collect, without an independent audit of his stewardship or any mediating agency.

After the issuance of the remittitur from this court to the district court, on April 14, 1924, the plaintiff in error was appointed administratrix, from which position she had been excluded for more than three years through the active efforts of Hankins to probate the will and to sustain the validity of the judgment in case No. 7463. On June 3, 1924, following her appointment as administratrix, the plaintiff in error filed in the county court her petition to reopen the proceedings of the conservatorship, the sufficiency of which is now before us for determination.

In the petition before us it is alleged, among other pertinent averments, and the demurrer admits all facts well pleaded, that the conservator did not act in good faith; that he was a legatee under the will; that he, as conservator, kept on deposit in the bank of which he was cashier large sums of money without investment or interest, to the loss of the estate of the mental incompetent; that he took credit for improper payments in his report; that he retained, without accounting therefor, interest from the moneys of the estate of the incompetent; that he had procured the issuance of certificates of deposit by the bank of which he was cashier, to himself as conservator, for a portion of the funds of the mental incompetent, at a less rate of interest than was easily obtainable elsewhere; that he paid to a firm of attorneys $750, with-

out any services having been rendered therefor; that he improperly paid to himself $1,500, and to his attorneys $3,250; that in his previous periodical reports to the court it appeared that he had in his hands more than $25,000 in cash, and in his final report as conservator, in which he settled with himself as administrator to collect, he accounted for only $1,441.08, and failed to show any other assets in his hands, and he obtained his order of discharge as conservator without notice to plaintiff, who was at that time wrongfully (as we have held) excluded from the administration by him.

These averments of the petition we think make it the imperative duty of the court, in furtherance of justice, to revoke the judgment order and reopen the matter for further proceedings.

The utmost good faith is required of a conservator. He holds the estate for the benefit of the mental incompetent, and the law esteems it a fraud for one standing in such a relation to take for his own benefit a position in which his personal interests come in conflict with his duty. Equity forbids one standing in the relation of conservator to a mental incompetent, which is analogous in all essentials to that of trustee, from making any profit at the expense of the party whose interests he is bound to protect, without full disclosure. We have said: "A trustee will not be allowed to reap any profit or gain any advantage, directly or indirectly, from a trust estate or his relation to it. This rule is necessary for the protection of trust estates. It has its foundation in the soundest principles and is approved by all the authorities." *Hallack v. Traber,* 23 Colo. 14, 16, 46 Pac. 111.

We said in *Hottel v. Mason,* 16 Colo. 43, 47, 26 Pac. 337: "A trustee must keep and render full and accurate accounts of all matters connected with the trust estate; and any omission or inaccuracies in his accounts, inimical to the interests of his *cestui que trust,* gives rise to presumptions against him, which are decisive, unless overcome by collateral proofs affirmatively establishing his

perfect fairness." See also *Regents v. Wilson,* 73 Colo. 1, 213 Pac. 131; and *Murray v. Stuart,* 79 Colo. 454, 247 Pac. 187.

It is contended by defendant in error that the petition to reopen the conservatorship proceedings, for the purpose of surcharging the conservator with various items and accounts, comes too late, and that a hearing thereon is barred by section 81 of our Code. The procedure provisions of our Code are not applicable here. *Hultquist v. People,* 77 Colo. 310, 236 Pac. 995. The jurisdiction of the county court in such matters does not depend upon statute. The county court has inherent chancery jurisdiction "in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts." Sec. 23, art. VI, Constitution.

The county court, as a court of probate, may at any time, in furtherance of justice, revoke its orders and reopen proceedings with respect to the settlement of estates of deceased persons and of conservators, which have been irregularly made and procured by fraud or mistake. *People ex rel. King v. District Court,* 76 Colo. 169, 229 Pac. 113; *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750; *Glenn v. Mitchell,* 71 Colo. 394, 207 Pac. 84; *In Re Estate Fisher,* 15 Wis. 511.

The judgment is reversed with directions for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.