## No. 11,767.

### Williams *v.* Williams, et al.

Decided December 27, 1927.

Action to have a marriage declared void. Judgment of dismissal.

*Affirmed.*

1. Limitation of Actions—*Fraud.* Where a nephew brought suit to have declared void the marriage of his uncle procured, as he alleged, by fraud, it is held, under the facts disclosed, that he had actual knowledge of the marriage for more than three years before bringing suit, and that his action was barred by section 6403, C. L. '21.

2. Husband and Wife—*Marriage—Lunatics.* Marriage with a lunatic is absolutely void.

3. Descent and Distribution—*Determination of Heirship.* Where a proceeding for the determination of heirship is pending in the county court in the matter of the settlement of the estate, the question of property rights through heirship must be determined thereby, and plaintiff, having instituted such proceeding, is left to that remedy which is plain, speedy and adequate.

*Error to the District Court of Boulder County, Hon. Claude C. Coffin, Judge.*

Mr. John T. Bottom, Mr. Paul F. Irey, for plaintiff in error.

Mr. Horace N. Hawkins, Mr. Robert Emmet Lee, Mr. Henry O. Andrew, for defendants in error.

*Department One.*

Mr. Justice Whitford delivered the opinion of the court,

THE plaintiff in error was plaintiff in the court below. Elizabeth Jane Williams will be referred to herein as the defendant.

The plaintiff, Dudley A. Williams, brought this suit, praying that the marriage between his uncle, Benjamin M. Williams, deceased, and the defendant, Elizabeth Jane Williams, be declared void on the ground of fraud practiced by the defendant upon the deceased, who it is alleged was a mental incompetent, and incapable of entering into a marriage contract. The answer to the amended complaint contains several separate defenses. To the plaintiff's amended replication the defendant demurred on various grounds. The court sustained the demurrer in part, and the plaintiff elected to stand by his pleadings, and the court thereupon dismissed the action. The plaintiff comes here by writ of error.

The estate of Benjamin M. Williams has been a source of much litigation in the lower courts, as well as in this court. See *Williams v. Hankins*, 75 Colo. 136, 225 Pac. 243; *Williams v. Hankins*, 79 Colo. 237, 245 Pac. 483; *Williams v. Hankins*, 82 Colo. 251, 258 Pac. 1114.

Perhaps a short historical statement of these controversies will tend to clarify the questions raised for our solution. The decedent, Benjamin M. Williams, executed a will on March 28, 1911. Thereafter, on November 27, 1917, Williams married the defendant, Elizabeth Jane Williams. Within three weeks after the marriage the plaintiff instituted lunacy proceedings against his uncle, Benjamin M. Williams, wherein the latter was adjudged a mental incompetent by reason of old age, disease, and mental weakness. Immediately thereafter J. C. Hankins was appointed conservator. The defendant brought suit against the conservator to enforce an antenuptial agreement for $15,000, to be paid to her in lieu of her rights of inheritance, which provided that Williams' estate should pass by distribution, as by the terms of the will, and the codicils thereto, notwithstandin his marriage to the defendant. Mrs. Williams had

judgment in the district court for that sum, and the same was paid to her out of the estate of Williams by the conservator. Thereafter, on October 11, 1920, Williams died, and the defendant, as widow, applied to the county court for letters of administration. Hankins, the conservator, who was named as executor in the will, and who was also a legatee, presented the will for probate. In his petition Hankins alleged the marriage and antenuptial agreement suit, the judgment in the district court, its allowance by the county court, and the payment of same by the conservator out of the property of Benjamin M. Williams. To this petition for the probate of the will the defendant, who was admitted in the petition to be the widow of the deceased, filed a caveat, claiming that the district court, in entering judgment in the suit on the antenuptial agreement, was without jurisdiction, and that the will of Benjamin M. Williams was revoked by his marriage to the defendant. The county court, and district court on appeal, sustained Hankins' petition, and ordered the will admitted to probate. On review of that judgment in this court (Williams v. Hankins, 75 Colo. 136), the judgment was reversed, on the ground that the oral antenuptial agreement was void under the statute of frauds, and that the district court had no jurisdiction to render the judgment, which, it was held, was, in effect, ordering the probate of the will of Benjamin M. Williams before his death. After the issuance of the remittitur out of this court, letters of administration, dated April 24, 1924, were granted to Elizabeth Jane Williams, the defendant, as the widow of Benjamin M. Williams. Thereafter, on December 12, 1924, this suit to annul the marriage was instituted by the plaintiff in the district court.

The essential averments of the amended complaint in the instant case, for the purposes of this review, are: That Benjamin M. Williams died intestate on October 11, 1920; that the plaintiff is his sole, and only heir at law; that Benjamin M. Williams had been adjudged a mental

incompetent on December 16, 1917, and that he never thereafter regained his sanity, and that he died insane; that the pretended last will and testament of decedent, dated March 28, 1911, was offered for probate in the county court of Boulder county following the death of Benjamin M. Williams, which was contested by the defendant, and thereafter adjudged by the Supreme Court to be revoked by the pretended marriage of the defendant to Benjamin M. Williams; that the said Williams was at the time of the execution of the said will and codicils of unsound mind and memory; that the same was void; that the said Benjamin M. Williams was a mental incompetent at the time of said marriage, and was well known to the defendant to be insane, and utterly incapable of entering into a marriage contract, but that, nevertheless, the defendant secretly, wrongfully, maliciously, and fraudulently contrived to have a marriage ceremony performed between herself and the said Benjamin M. Williams, in fraud of the plaintiff's rights of inheritance; that the plaintiff had no notice of any of the suits and proceedings mentioned and referred to in the amended complaint, nor was he represented by an attorney, or otherwise, in the county or district courts, or in the Supreme Court, in such proceedings.

After demurring to the amended complaint, the defendant answered, admitting that the decedent died intestate, and alleged his sanity, and challenged the validity of the lunacy proceedings, and then interposed the plea of the statute of limitations, and other defenses.

The amended replication denied many of the affirmative allegations of the various defenses set up in the answer. The defendant demurred to the replication. In his reply to the fourth defense the plaintiff denied that his cause of action was barred by section 6403, C. L. 1921, and alleged that his cause of action had not accrued more than three years before the time of bringing this suit. The demurrer to the replication to the fourth de-

fense was sustained by the trial court. This ruling of the trial court constitutes one of the assignments of error for consideration.

We find from our examination of the amended complaint and the amended replication that the plaintiff admits and alleges the following facts: That on March 28, 1911, Benjamin M. Williams was of unsound mind, and assumed to make a will, and several codicils thereto; that on November 27, 1917, the defendant, Mrs. Williams, secretly, fraudulently, wrongfully and maliciously, entered into an illegal, void, pretended marriage with Benjamin M. Williams, while he was insane, and that he never thereafter recovered his sanity; that the plaintiff learned of this pretended marriage and of the fraudulent action of the defendant within a day or two after this alleged pretended marriage; that the plaintiff was the nephew, and only blood relative of Benjamin M. Williams, and when he learned of the fraudulent and pretended marriage he went from his home in Providence, R. I., to Boulder, and there instituted lunacy proceedings against his uncle, which resulted, on December 18, 1917, in adjudging him a mental incompetent, because of old age, disease, and mental weakness, and in the appointment of a conservator; that Hankins was the conservator, and continued to act as such until Williams' death, October 11, 1920; that on October 11, 1920, Williams died intestate, leaving the plaintiff as the sole and only heir at law; that the will and codicils and marriage were void, because of the insanity of Williams; that the plaintiff had notice of his uncle's death at the time thereof; that on October 19, 1920, Hankins petitioned to probate the will and codicils, and that the will and codicils were ordered admitted to probate by the county court; that the appeal to the district court, and the review of that judgment by the supreme court was not finally decided until April 7, 1924; that the defendant was therein adjudged to be the widow of Benjamin M. Williams, and that the will and codicils were revoked

by the marriage of the defendant to Williams; that of this litigation plaintiff had actual knowledge, but alleges he was not a party or privy to any of the proceedings.

On December 12, 1924, more than seven years after the plaintiff learned of the marriage of the defendant to his uncle, and seven years after he had instituted lunacy proceedings in the county court of Boulder county, he commenced this suit in the lower court, for a decree annulling the marriage.

The plaintiff seemingly has framed his complaint upon the theory, as we understand its averments, taken as a whole, that the marriage was merely voidable, and not absolutely void. The last paragraph of the complaint can have no other purpose in the pleading than to toll the running of the statute of limitation, whereby plaintiff specifically alleges that his "right to bring this suit, or any other suit to recover, or in any manner to protect his rights in the estate of Williams, did not accrue until after April 7, 1924," the date of the decision by this court in *Williams v. Hankins*, 75 Colo. 136, 225 Pac. 243. The trial court evidently sustained the demurrer to the replication on this theory, and held, among other things, that the cause of action charged in the amended complaint was barred by the three years statute of limitation. Sec. 6403, C. L. 1921.

Section 6403, C. L. 1921 reads: "Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards."

The plaintiff knew of the marriage in 1917, and made oath to the complaint in lunacy that he knew that Williams was a mental incompetent, and he knew of the death of his uncle in 1920, and the present so-called bill for relief, on the grounds of fraud, was not brought until December 12, 1924. Plaintiff urges upon our consideration, and asserts that since he was not a party to the probate proceedings in the county, district, and Supreme Courts, his right of action did not accrue until after the

final determination of the controversies over the will and letters of administration (*Williams v. Hankins*, 75 Colo. 136, 225 Pac. 243), and that the pendency of those proceedings tolled the running of the statute. Mrs. Williams contended in the county court, in the probate proceeding, and in the other courts, on appeal and error, that she was the widow of Williams, deceased, and that her marriage revoked the will, which was made prior to the date of her marriage. Hankins admitted that she was the widow, but contended that the judgment in the antenuptial suit validated the will. Plaintiff's position in this suit is that there was no legal marriage, and no valid will because of the mental incompetency of Benjamin M. Williams. If the plaintiff was without legal notice, and was not bound by the decision in that case because of the absence of sufficient notice, his right of action was not dependent upon, but was independent of, the results in that controversy.

From these facts it seems clear, beyond all cavil, that the plaintiff was at liberty to bring his suit to nullify the will and the marriage at any time within three years after the death of Benjamin M. Williams.

Our conclusion is, upon this theory advanced by the plaintiff, his right of action on the ground of fraud accrued on the death of Williams, and that his bill for relief on the ground of fraud is barred by the three years statute of limitation.

But counsel now say in their reply brief that, notwithstanding they pleaded the toll of the statute, that it had been their contention from the beginning that the marriage was absolutely void and that no judicial decree to that effect was necessary, and that the marriage may be collaterally attacked at any time and in any proceeding where its validity is raised. We think it is true that a marriage to a lunatic is absolutely void. An eminent authority has said, in expressing his opinion on this question: ''Though marriage with an idiot or lunatic be absolutely void, and no sentence of avoidance be

absolutely necessary, yet, as well for the sake of the good order of society, as for the peace of mind of all persons concerned, it is expedient that the nullity of the marriage should be ascertained and declared by the decree of a court of competent jurisdiction.'' 2 Kent. Com. *76.

But here Benjamin M. Williams, the husband, is dead, leaving no children; the martial relations no longer exist; existing questionable cohabitation, and the interests of society and morality from such relationship are not here involved; and there is no charge in the complaint that any rights are involved other than the rights of property through heirship. This single question of property rights, through heirship, can and must be determined in the settlement of the estate in the county court in pursuance of the statute. It is manifest, then, that plaintiff has a plain, speedy, and adequate remedy at law in the case for the determination of heirship, and of his property rights, if any, and counsel admits that such a petition for the determination of heirship was filed by the plaintiff in the probate proceedings in the county court, where it is still depending, undetermined, and further asserts that it is true that the plaintiff has the right in that proceeding, which right counsel says still exists, of having it decreed, upon proper proof, that he is entitled to inherit all of the estate of his deceased uncle. So the record conclusively refutes the allegations made in the amended complaint that the ''plaintiff is without remedy at law, and unless the court, sitting as a court of equity, grants him relief, he will suffer irreparable injury in that he will be forever deprived of his inheritance as the sole heir at law of the decedent.'' Plaintiff admits that he has elected, before bringing this instant suit, to file a petition for the determination of heirship, which is now depending for hearing and determination, as provided by statute, in the probate proceedings of the estate of Benjamin M. Williams, deceased, in the county court.

Under the circumstances here disclosed we may well leave the plaintiff to the remedy afforded him by statute

in the county court, where he has heretofore elected to file a petition for the determination of heirship.

The judgment dismissing the action is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.