No. 12,323.

WILLIAMS *v.* WILLIAMS.

Decided April 29, 1929. Rehearing denied May 13, 1929.

Mr. John T. Bottom, for plaintiff in error.

Mr. Henry O. Andrew, Mr. Robert Emmet Lee, for defendant in error.

*Department One.*

Mr. Chief Justice Whitford delivered the opinion of the court.

This is a statutory proceeding for the ascertainment and the determination of heirship. The issue raised at the trial by the plaintiff in error, was the validity of the marriage of the defendant in error to Benjamin M. Williams, the decedent. The plaintiff in error contends that the marriage was void because of the insanity of the decedent at the time of the solemnization of the marriage. On the hearing of the petition for the determination of heirship the county court found in favor of the defendant in error, and sustained the validity of the marriage. On a trial de novo in the district court similar findings of fact were made in that court, and a decree entered sustaining the validity of the marriage, and declaring the defendant in error to be the widow and sole heir of Benjamin M. Williams, deceased. From that judgment the plaintiff in error comes here, to review the judgment.

The controversies growing out of the estate of Benjamin M. Williams we have many times reviewed. *Williams v. Hankins,* 75 Colo. 136, 225 Pac. 243; *Williams v. Hankins,* 79 Colo. 237, 245 Pac. 483; *Williams v. Hankins,* 82 Colo. 251, 258 Pac. 1114; *Williams v. Williams,* 83 Colo. 180, 263 Pac. 725, 57 A. L. R. 127.

Dudley A. Williams, the plaintiff in error, is a nephew, and the only surviving blood relative of Benjamin M.

Williams, deceased. By his will, executed in March, 1911, Benjamin M. Williams made several bequests, among them a gift of a few thousand dollars to his nephew, and then disinherited him, by a residuary clause to the University of Colorado, for the benefit of poor young men and women, struggling to obtain a higher education. After the death of the uncle the county court admitted the will of Benjamin M. Williams to probate, and, by so doing, necessarily found the deceased to be of sound mind and memory, and, on appeal, the district court found the same thing. However, on review of that judgment this court held that the subsequent marriage of the decedent to the defendant in error revoked the will of Benjamin M. Williams, by operation of the statute. If, perchance, the marriage between the defendant in error and Benjamin M. Williams were to be held void, and the will thereby validated, the plaintiff in error would then be confronted with the residuary clause of the will; which disinherited him, and gave the residue of his uncle's estate to the University of Colorado. So it is not clear how the plaintiff in error can successfully show himself to be an heir of Benjamin M. Williams in this proceeding under section 5162, C. L., 1921. However, we do not predicate our decision upon these observations of the difficulties which confront the plaintiff in error in establishing heirship in this proceeding.

The sole issue raised below was the validity of the marriage of the defendant in error to Benjamin M. Williams, upon the ground that it was void because of the insanity of the decedent at the time of the marriage. Many witnesses were sworn on either side of the case, and a large volume of documentary evidence was received by the court. The court found in favor of the defendant in error, that the decedent, at the time of the marriage, was mentally capable of contracting a lawful marriage. The testimony is ample to sustain the findings of the trial court. There was sharp conflict in the testimony, but, the evidence being sufficient to support the judgment, the

findings of the trial court will not be disturbed on review. *Jones v. Dunlap,* 78 Colo. 221, 239 Pac. 989; *New York Life Insurance Co. v. Fukushima,* 74 Colo. 236, 220 Pac. 994; *Drovers National Bank v. Denver Live Stock Exchange,* 74 Colo. 212, 220 Pac. 402.

Counsel has grievously disregarded our rules of practice in making his assignments of error. He charges, generally, that the court erred in receiving evidence on behalf of the defendant in error, and that it erred in refusing evidence on behalf of the plaintiff in error, without any specifications in the asssignments, or making any reference to the record where the evidence may be found. He alleges generally, that the court erred in overruling his motion for a new trial, without specifications. In other instances double assignments are made, and other assignments are vague and uncertain, in violation of the rule that "each error shall be separately alleged and particularly specified." Notwithstanding these insufficient assignments of error, which we were at liberty to pass over without notice or consideration, according to our rules, we have voluntarily assumed the extra labor of reading the voluminous transcript, in the absence of specifications, for the purpose of informing ourselves if the record discloses any prejudicial error, and, after so doing, we are clearly of the opinion that there is no reversible error in the record.

The application for supersedeas is denied, and the judgment affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.