Beck, C. J.
The principal errors assigned are, that the District Court erred in allowing the amended complaint to be filed, and in making Benbow and Hussey parties to the action.
The action was originally instituted by Barker and Wade as plaintiffs, alleging that they were entitled to one undivided one-half, or each to one undivided one-fourth of the Tanner Boy lode, and that the defendants had wrongfully, entered upon said claim, and taken possession thereof to the exclusion of the plaintiffs and their grantors, etc.
Afterwards leave was granted the plaintiffs, after service of notice upon the defendants, to file an amended complaint in said cause, making the said Benbow and Hussey parties plaintiffs. .
The amended complaint alleges, among other things, “that plaintiffs are, and were, at the institution of this suit, owners and entitled to the possession of said claim in the following proportions, to wit: each to an undivided one-fourth; and that *506 they claim the right to occupy and possess said premises by right of pre-emption, and by virtue of full compliance with the local laws and rules of miners in said district, the laws of the United States, and of said State of Colorado, and by actual prior possession as a lode mining claim.
Plaintiffs in error assume that Benbow and Hussey were made parties to the amended complaint without their consent. We have searched the record in vain for evidence to sustain this assumption. The averments of the amended complaint are to the effect that Benbow and Hussey are tenants in common with the original plaintiffs, Barker and Wade, and that each of said four plaintiffs is the owner of an undivided one-fourth of the property sued for.
All were proper parties to the complaint, and the presumption obtains that all consented to become parties plaintiffs, as otherwise those not consenting would have been joined as defendants. Civil Code, Secs. 11, 13.
The amended complaint having been hied by leave of the Court, after notice to the defendants, and the defendants having suffered a default to be entered against them, are in no position to complain of the judgment.
On behalf of the appellants it is insisted that the amendment changed the subject-matter of the action. This view cannot be sustained. True, the original complaint only claimed for the plaintiffs, Barker and Wade, an undivided half of the Tanner Boy lode; but as against the appellants, they were entitled to recover the entire lode, and the original complaint might have been amended to claim the whole. The defendants did not claim to be co-tenants of Barker and Wade, but were claiming the entire lode by wholly different and adverse title.
The law is, that in ejectment one tenant in common may recover possession of the entire tract as against all persons but his co-tenants. Mahoney v. Winkle, 21 Cal., 583; Hart v. Robertson, Ibid, 348.
The amended complaint alleges that the plaintiffs are the owners, and entitled to the possession of the lode. It further alleges that each plaintiff is the owner of an undivided one-fourth of the lode. The stipulation of facts filed in the cause shows that all the plaintiffs derive title from the same source, *507 that is, from the same act of location. It also shows that the defendants claim title by virtue of a location of the same lode made long subsequent to,the plaintiffs’ location.
Defendants were in no manner prejudiced by the filing of the amended complaint. The same title alleged in the original complaint was stated and relied upon for a recovery in the amended complaint. Defendants were not interested in this title, but claimed adversely to it. It was therefore wholly immaterial to them whether the action was brought in the names of the several co-owners against them, or in the names of a portion thereof.
But the point is made that plaintiffs’ location was invalid, because the name of the lode was, by mistake, recorded “Farmer Boy” instead of “Tanner Boy,” as it was written in the location certificate.
This was a mistake of the recorder, and cannot avail the defendants in this case. The certificate itself appears to have complied with the statute, (Gen. Laws, Secs. 1813, 1814.) Plaintiffs were not responsible for the mistakes of the recorder. Myers v. Spooner, 55 Cal., 258.
Besides, the defendants were not misled by the alleged error. They have permitted judgment to go against them by default. Their default admits every issuable fact stated in the plaintiffs’ complaint. Harlan v. Smith et al., 6 Cal., 173; Hutchings v. Ebeler, 46 Cal., 557.
Among other issuable facts stated in the complaint is the following: “ That heretofore, to wit: on or about the 11th day of February, 1880, while plaintiffs and their grantors were in peaceable, open, notorious and exclusive possession of said claim, working the same as aforesaid, defendants wrongfully and unlawfully entered upon said claim and took possession thereof, ousting plaintiffs and their grantors, and have ever since wrongfully held possession of said premises to the exclusion of plaintiffs and their grantors.”
The stipulation filed in the cause concedes that the lode was properly staked by the plaintiffs; that the mistake in the record was made by the recorder, and that the defendants staked and relocated said lode as abandoned property after the location by plaintiffs.
Upon the merits then, the appellants have no standing in *508 this case. The record shows actual possession in the appellees, which is prima facie evidence of title, and as we said in Lebanon M. Co. v. Con. Rep. M. Co., 6 Colo., 380, “entering upon premises in the actual possession of another, for the purpose of performing the acts necessary to constitute location and possession, amount only to a trespass, and cannot form the basis for the acquisition of title.”
Maxwell & Phelps, for appellants.
W. P. Wade, Geo. M. Dunn and A. Danford, for appellees.
Whether the location of Barker and his co-tenants be valid or not, their possession is sufficient to defeat a recovery by the appellants.
We are further of opinion that the description of the lode set out in the amended complaint, as it appears in the record proper (transcript, folios 18 to 23), is sufficient to identify the claim sued for. The boundaries of the claim are given, and in addition the following: “The discovery tunnel is about one-half mile below the old town of Timberline, in the line of Buckskin Creek, on the south side of said creek, and 200 feet northwest from the discovery tunnel on the Ioda lode.”

The judgment is affirmed.