## No. 10,693.

### HOUGH v. LUCAS, RECEIVER, ET AL.

Decided July 7, 1924. Rehearing Denied November 10, 1924.

Proceeding to determine title to lands and water rights, and settle questions of liens thereon. Judgment for plaintiff.

### Reversed.

1. ACTIONS—*Code Procedure.* In an action concerning title to land and water rights, and liens thereon, the suit being against persons not alleged in the complaint to have made any claims against plaintiff, and seeking to have determined title to property of which he does not claim to be in possession, it is not authorized by sections 21 or 275 of the Code of '21.

2. PLEADING—*Misjoinder.* It is improper to join under one title several causes of action which have no proper relation one to another.

3. JUDGMENT—*No Foundation.* A decree depriving defendant of water rights as security under a deed of trust, held erroneous under the state of facts disclosed by the record.

4. *Foreclosure—Sale.* Where in an action involving title to real estate, a defendant asked for foreclosure of a trust deed on a part of the property involved, it was error for the court to decree a sale by the receiver of the property free of all liens, thereby cutting off a lien for taxes paid by defendant, and assess-

ing him with a part of the costs of the receivership, where the receiver performed no service in the protection of the security of the defendant.

5. RECEIVERS—*Actions.* Where a deed of trust was a senior, undisputed lien upon a part of property at the time of the appointment of a receiver therefor, in an action by the receiver to determine title, there was no reason for making the trust deed holder a party, and the assessing against him of costs incurred in the litigation of matters in which he had no concern, held without legal justification.

6. WATER RIGHTS—*Carriage—Rates.* Courts have no power to fix rates for the carriage of water through ditches.

7. JUDGMENT—*No Issue.* A decree adjudicating questions not within the issues made by the pleadings is void as to matters so adjudicated.

8. RECEIVERS—*Water Rights—Title.* Where the owner of land received his title by warranty deed which also conveyed to him a perpetual water right for his tract, the grantor never having questioned the validity of the water right is held to have admitted it in subsequent proceedings by a receiver to have settled title to the land and water.

9. REAL PROPERTY—*Sheriff's Deed—Prior Infirmities.* In an action by a receiver to determine title to real property, it is held that no infirmities in the title prior to a sheriff's deed for the land in question, could be relied upon by plaintiff.

*Error to the District Court of Arapahoe County, Hon.*
*Samuel W. Johnson, Judge.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. HUBERT D. WALDO, JR., for plaintiff in error.

Messrs. BARDWELL, HECOX, MCCOMB & STRONG, Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, Mr. R. H. WALKER, for defendants in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was one of some fifteen hundred defendants in a suit brought by the defendant in error, Lucas, as receiver of The Denver Suburban Homes and Water Company. Judgment having gone against the plaintiff in error, he brings the cause here for review.

The parties will be herein designated as in the trial court.

The suit was brought for the purpose, as plaintiff's attorneys state, of having determined the respective rights of various parties who had purchased small tracts of land, and water rights therefor, from The Suburban Homes and Water Company, and its predecessors in interest; and to settle the question of liens between the bond issues of several companies which had successively owned the property, which bonds were secured on the land now owned by the first named company; and to determine various other questions which the plaintiff conceived to be necessary of determination, that he might properly administer the affairs of the company of which he was the receiver.

The complaint alleged the creation of an irrigation district, which included the lands in question.

One of the questions raised was as to the right of this district to water for which various defendants had deeds, or contracts of purchase. Inasmuch as the court found that the proceedings to form the district were not effective for the purpose, and no district was created, that question is eliminated.

A general demurrer to the complaint was overruled. As the judgment must be reversed for the reasons hereinafter stated, we need not determine the sufficiency of the complaint.

Defendant Hough was the holder and owner of a note executed by one Nye, in part payment of the purchase price of a tract of land to which he took title as trustee for the Suburban Land Company. The note was secured by a deed of trust on the land, together with a water right of 9-45/65 cubic feet of water per second of time, from the reservoir and canals of the Denver Sugar and Land Irrigation Com-

pany, the predecessor in interest of The Denver Suburban Homes and Water Company. The last named company was, in legal effect, the mortgagor.

The complaint alleged that the deed of trust was a lien against four hundred and fifty-five acres of said tract; that there was due on said note something over $45,000, and that the note was owned and held by defendant Hough.

The prayer of the complaint refers to the land covered by the deed of trust only twice. It asks that the court decree whether or not those who have purchased parcels of the land subject to the trust deed are entitled to receive the land so purchased free and clear of the lien of the trust deed; and further, that the court decree whether The Suburban Company, or the receiver, acted as agent for Nye, or his grantor Clark, in the collection of money from the purchase of land under contracts, and whether the receiver shall pay to Nye, or to the successor in interest of the Clark estate, the moneys collected as partial payments on the land contracts.

There was one further prayer which may affect the defendant Hough; that is, the prayer in which the court is asked to decree the amount and priority of liens against all tracts of land mentioned in Division C of the complaint, and the nature, character and extent of the water right, if any, appurtenant to said tracts.

Counsel for defendant Hough urge that the bringing of the suit was not authorized by any provision of the Code; to which plaintiff's counsel answer that if the complaint states a cause of action it is sufficient; though they rely upon section 21 of the Code of Civil Procedure, which provides that an action may be brought to determine a claim made by one person against another for money or property. They further cite section 255 of the Code of 1887, which section authorizes parties in possession of property to bring suit to determine the title thereto.

As the suit is against persons who are not alleged in the complaint to have made any claim against the plaintiff, or The Suburban Land Company, and seeks to have deter-

mined title to or interest in property of which plaintiff does not claim to be in possession, the suit is clearly not authorized by either of these sections.

Further objection is made to it that it joins parties who have no joint interest in the properties the title to which plaintiff seeks to have determined. It is in fact a series of suits joined under one title, though the causes of action have no proper relation one to another. Were the question of joinder raised and presented to us, we should be obliged to hold that the suit was improperly brought. We state this much concerning the form of action lest our silence might be supposed to indicate that we approve it.

Inasmuch, however, as defendant, by cross-complaint, seeks to have the trust deed foreclosed, and the title to a tract of land quieted in him, we shall consider the case as though properly brought.

Defendant Hough, by answer, after denying sundry allegations of the complaint not necessary now to be considered, set up, by cross-complaint, ownership of several tracts of land, with a perpetual water right of 4-60/65 cubic feet of water per second of time, together with some other tracts with water rights therefor, and prayed that title thereto be quieted in him. In a second cross-complaint he set up ownership of the Nye note, the execution of the deed of trust, etc., and asked that the deed of trust be foreclosed.

Plaintiff in answer to the first cross-complaint alleged that the land therein described, amounting to two hundred and forty-five acres, was never entitled to more than 3-50/65 cubic feet of water per second of time; that the right to water depended upon said lands having been included in the Castlewood Irrigation District.

The answer to the second cross-complaint contains no denials of the allegations of said cross-complaint, and prays the same relief as to all matters affecting the six hundred and thirty acres as was prayed for in the complaint.

The decree, adjudges that the contract for water claimed

as security by defendant in his second cross-complaint, had long been terminated. The reason for this finding, as given by the court, is that the contract and deed to Clark, Nye's grantor, were made for speculative purposes; that Clark never used any water under the contract; that he never took possession of the water or applied it to beneficial use, and that defendant Hough had not paid any water assessments, though they were required under the contract; and further that no water had ever been demanded for application to said land. The decree then specifically adjudged that Hough had no right, title or interest in any water from the Castlewood System for the land described in his cross-complaints. This holding is particularly assigned as error.

The trust deed provided that one hundred and sixty acres of the land be planted to fruit trees, by the grantor, during the first year, and a like acreage during the second year, and that they be cared for during the term of the trust deed. It further provided that Nye, the trustee of The Suburban Land Company, should pay all water rates and charges, that if not so paid, the holder of the note might pay them, and any amounts so paid should become additional indebtedness secured by the deed of trust. That being the state of the record, the decree, in effect, gives to the plaintiff, or more properly to The Suburban Company, water rights of value, because the trustee, who represented that company, did not do what he had specifically agreed to do, and which the Land Company had, by contract with Nye, agreed that it would do for him. There is, then, no foundation for so much of the decree as deprives the defendant of the water rights as security.

The decree is further erroneous in that instead of providing for a foreclosure according to the ordinary procedure, it directs a sale by the receiver, such sale to be free of all liens, thus cutting off the lien for taxes paid by defendant; and it assesses the defendant with a share of the costs of the receivership, making the costs payable before

any part of the proceeds of the sale are applied to the payment of the note.

The receiver performed no services in the protection of the security of defendant Hough, and the lands forming that security cannot be made subject to the lien of receiver's certificates. This is self-evident, and is in accord with our holding in *Belknap Savings Bank v. Lamar L. & C. Co.,* 28 Colo. 326, 64 Pac. 212.

The deed of trust, by the admissions of the complaint, was a lien upon the land when the receiver was appointed, and that lien was prior to the lien of various bond issues whose rank the receiver was seeking to have determined. There was, therefore, no reason for making Hough a party to the suit. He had a lien unquestioned to secure an indebtedness undisputed; it was for him to determine when, if at all, he would foreclose the deed of trust. The assessing against him of a proportion of the costs of the entire suit, amounted to something like $80,000, which costs were incurred principally in matters in which he had no concern, was entirely without legal justification.

The decree further adjudged that all contracts or deeds for the use of water from the Castlewood System were in legal effect substantially the same; that they constitute an option to obtain water each season by paying the maintenance and carriage fees, and that upon a failure to pay said charges the right and option terminate.

There is nothing in the pleadings which sustains a finding that the water contracts were mere options. Nor is there anything to suggest that the Suburban Company was a carrier of water for hire. The findings of the decree last mentioned indicate that the court held the view that it was a carrier system.

Following this conclusion that the Suburban Company was a mere carrier, the decree holds that the company was entitled to fair compensation for the carriage of the water, and that the sum fixed by the water contracts—$1.75 per acre—was not enough. The annual charge was, therefore,

fixed at $3.00 per acre. In this the court acted wholly without authority. It has no power to fix water rates. *McCracken v. Montezuma Co.,* 25 Colo. App. 280, 137 Pac. 903.

The portions of the decree above cited affect directly the owners of land and water rights under the system, and indirectly affect the defendant through their bearing upon his security. An examination of the pleadings fails to disclose anything upon which these portions of the decree can be supported. The subjects not being matters presented for adjudication, and not being within the issues made, the judgment is void so far as it concerns these parts of it. This court recently said: "Jurisdiction includes not only the power to hear and determine a cause, but to enter and enforce a judgment. If there is no right in the court to enter the particular judgment entered, the entry is without jurisdiction. *Tebbetts v. People,* 31 Colo. 461, 473, 13 Pac. 869; *People v. Burke,* 72 Colo. 486, 212 Pac. 837, 844; *Windsor v. McVeigh,* 93 U. S. 274, 23 L. Ed. 914. In the last-named case the court points out that, if a court having jurisdiction of the parties and the subject matter, renders a judgment in which it transcends the power conferred by law, in so doing it acts without jurisdiction, and its judgment is void." *Williams v. Hankins,* 75 Colo. 136, 225 Pac. 243.

Defendant Hough, by his first cross-complaint, set up ownership of two hundred forty-five acres of land and a water right therefor, title to which he obtained through a sheriff's deed of foreclosure in a suit begun in 1914. The decree adjudges that this water right also had been lost or abandoned, giving the same reasons for the finding as in the case of the other water right.

Plaintiff's answer to the first cross-complaint did not deny the existence of the water right, nor allege its abandonment, but alleged that, since a part of the tract originally entitled to the right had been released, the water right should be reduced on a per acre basis.

Plaintiff in that answer asked that it be decreed that the

defendant had no water for the two hundred forty-five acre tract in excess of 1/65 cubic foot of water per acre. This does not present the issue of abandonment of the right, but merely of its extent. Johnson, the mortgagor, got title to the land mortgaged from The Denver Sugar Land and Irrigation Company by warranty deed conveying a perpetual water right of 4-60/65 cubic feet per second of time. In the foreclosure proceeding, through which defendant claims title, the complaint sets out in full the mortgage, which included as a part of the security, a perpetual water right of 4-60/65 cubic feet of water per second of time. The Suburban Company did not appear in the suit, and the foreclosure decree provided for a sale of the land with the water right mentioned. The Suburban Company not having questioned the validity of the water right, must be held to have admitted it. *Weese v. Barker,* 7 Colo. 178, 2 Pac. 919.

No infirmities in the title prior to the issue of the sheriff's deed in 1918, can now be successfully relied upon by the Suburban Company, or the receiver who stands in the same position as that company. *People v. District Court,* 74 Colo. 58, 218 Pac. 742.

There are several other questions raised and discussed, but since the judgment must be reversed for the reasons above indicated, they will not be considered. Inasmuch as other defendants, holders of land contracts, or deeds, and water rights, have not brought the question of their rights here for review, we are not called upon to determine them, or to discuss them, except so far as we have already done so by indicating that a portion of the decree is void as to all such parties.

The decree, so far as it relates to the land and water rights covered by the trust deed mentioned, and the land and water rights for the two hundred forty-five acres last discussed, is reversed, with directions to enter a decree for defendant Hough foreclosing the deed of trust in the usual manner and quieting title to the land and water rights described in his first cross-complaint and for his costs.