**Douglas McDANIELS and Barbara McDaniels, Plaintiffs–Appellants,**

v.

**Ronald LAUB, M.D., Defendant–Appellee.**

No. 06CA2332.

Colorado Court of Appeals, Div. IV.

Jan. 24, 2008.

Wade H. Gateley, Burlington, Colorado, for Plaintiffs–Appellants.

Jaudon & Avery, LLP, Joseph C. Jaudon, David H. Yun, S. Jane Mitchell, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TERRY.

Plaintiffs, Douglas and Barbara McDaniels, appeal the trial court's summary judgment in favor of defendant, Ronald Laub. We affirm.

I.

In May 2005, plaintiffs filed a complaint alleging that defendant had committed medical malpractice.

In August 2006, defendant filed a motion for summary judgment, supported by his affidavit which stated that his treatment of Douglas McDaniels met or exceeded the applicable standard of care. Plaintiffs then filed a motion for extension of time to respond to the motion and to disclose their expert witness. The trial court granted the motion and extended the due date until September 22.

On September 21, plaintiffs filed their expert witness's report in accordance with C.R.C.P. 26. This report was not accompanied by an affidavit. Plaintiffs did not file a

response to the motion for summary judgment.

Defendant's motion for summary judgment was granted on September 29. Plaintiffs then moved for reconsideration, and submitted a reply brief, attaching for the first time an affidavit from their expert witness attesting to the matters set forth in his report.

The trial court denied the motion for reconsideration, stating that it could not consider the affidavit.

## II.

▌ Plaintiffs contend the trial court erred when it granted defendant's motion for summary judgment because there were genuine issues of material fact that precluded summary judgment. We disagree.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Woodward v. Bd. of Dirs. of Tamarron Ass'n of Condo. Owners, Inc.*, 155 P.3d 621, 623–24 (Colo. App.2007); *Keyah Grande, LLC v. Colorado Dep't of Agriculture*, 159 P.3d 727, 728 (Colo. App.2006).

We review a grant of summary judgment de novo. *Keyah Grande, LLC*, 159 P.3d at 728.

Plaintiffs argue that the report by their expert witness, submitted in accordance with C.R.C.P. 26, established genuine issues of material fact and thus summary judgment should not have been granted. We disagree.

▌ When a motion for summary judgment is submitted and supported by affidavit, the party opposing the motion for summary judgment cannot rely on the mere allegations of that party's pleadings, but must, by affidavit or otherwise as provided in C.R.C.P. 56, set forth specific facts showing a genuine issue of material fact. C.R.C.P. 56(e); *GTM Invs. v. Depot, Inc.*, 694 P.2d 379, 381 (Colo. App.1984); *Meuser v. Rocky Mountain Hosp.*, 685 P.2d 776, 779 (Colo.App.1984). A motion for summary judgment supported by an affidavit, to which no counteraffidavit is filed, establishes the absence of an issue of fact, and the court is entitled to accept the affidavit as true. *Witcher v. Canon City*, 716 P.2d 445, 457 (Colo.1986).

▌ When a Colorado Rule is similar to a Federal Rule of Civil Procedure, such as is the situation regarding C.R.C.P. 56, we may look to federal authority for guidance in construing the Colorado rule. *Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002); *Forbes v. Goldenhersh*, 899 P.2d 246, 249 (Colo.App. 1994).

Here, defendant's motion was supported by his affidavit opining that his treatment of Douglas McDaniels met or exceeded the applicable standard of care, based on facts stated in the affidavit. Plaintiffs failed to respond to the motion and failed to file a timely counteraffidavit to demonstrate a genuine issue of material fact that would preclude the granting of summary judgment.

▌ Unsworn expert witness reports are not admissible to support or oppose a motion for summary judgment. *See Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir.1996); *Jones v. Menard*, 559 F.2d 1282, 1285 n. 5 (5th Cir. 1977) (unsworn expert report does not satisfy evidentiary requirements of Fed.R.Civ.P. 56(c) and should not be considered in ruling on summary judgment motion); *Lugue v. Hercules, Inc.*, 12 F.Supp.2d 1351, 1358 (S.D.Ga.1997) (same); 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.14(2)(c) (3d ed. 2007) ("Unsworn expert reports prepared in compliance with [Fed.R.Civ.P.] 26(a)(2) do not qualify as affidavits or otherwise admissible evidence for purpose of [Fed. R.Civ.P.] 56, and may be disregarded by the court when ruling on a motion for summary judgment.").

Moreover, an expert report filed pursuant to C.R.C.P. 26 is not a "pleading" under C.R.C.P. 7(a), and thus is not available for consideration under C.R.C.P. 56(c). *See* C.R.C.P. 7(a) (listing various filings that qualify as "pleadings"); C.R.C.P. 56(c).

In addition, the affidavit submitted with plaintiffs' reply to defendant's response to plaintiffs' motion for reconsideration, even if it were considered sufficient to convert the

expert's report into sworn testimony, was filed too late to be considered by the trial court. *See Graven v. Vail Associates, Inc.,* 888 P.2d 310, 316 (Colo.App.1994) (affidavits filed subsequent to the granting of a motion for summary judgment cannot be considered in a motion to reconsider or, in the alternative, for a new trial), *rev'd on other grounds,* 909 P.2d 514 (Colo.1995); *Conrad v. Imatani,* 724 P.2d 89, 94 (Colo.App.1986) (same).

■ Plaintiffs also argue that they should have been granted more time to obtain an affidavit from their expert, as contemplated by C.R.C.P. 56(f). We are not persuaded, because plaintiffs failed to comply with C.R.C.P. 56(f) by filing an affidavit explaining why they were unable to obtain an affidavit from the expert in a timely manner. *See* C.R.C.P. 56(f); *Stokes v. Denver Newspaper Agency, LLP,* 159 P.3d 691, 696 (Colo.App. 2006) (C.R.C.P.56(f) allows a party who cannot produce facts essential to its opposition to a motion for summary judgment to submit an affidavit explaining why it cannot do so); *In re Estate of Heckman,* 39 P.3d 1228, 1231 (Colo.App.2001) (trial court did not err when it granted summary judgment despite plaintiffs' request for further discovery in their response to the motion for summary judgment because plaintiffs did not submit an affidavit as required by C.R.C.P. 56(f)).

We therefore conclude that the trial court did not err when it granted defendant's motion for summary judgment. While we recognize that this result is harsh, the rules of civil procedure are unambiguous and they permit no other outcome.

Judgment affirmed.

Judge CASEBOLT and Judge WEBB concur.