Hollis SAWYER, By and Through her next of friend, Jacqueline SAWYER, Plaintiff–Appellant,

v.

KINDRED NURSING CENTERS WEST, LLC, a Delaware limited liability company, d/b/a Iliff Care Center; Kindred Healthcare, Inc., a Delaware corporation, d/b/a Iliff Care Center; and Susan Johnson, individually and as administrator of Iliff Care Center, Defendants–Appellees,

and

Concerning Bonnie Sawyer, individually, and Jacqueline Sawyer, individually and as the personal representatives of the Estate of Hollis Sawyer, deceased, Appellants.

Bonnie Sawyer, individually, and Jacqueline Sawyer, individually and as the personal representative of the Estate of Hollis Sawyer, deceased, Plaintiffs–Appellants,

v.

Kindred Nursing Centers West, LLC, a Delaware limited liability company, d/b/a Iliff Care Center; Kindred Healthcare, Inc., a Delaware corporation, d/b/a Iliff Care Center, Defendants–Appellees.

Nos. 08CA0811, 08CA1514.

Colorado Court of Appeals, Div. V.

Oct. 15, 2009.

Law Offices of J.M. Reinan, P.C., Jerome M. Reinan, Jordana Griff, Denver, Colorado, for Plaintiffs–Appellants and Appellants.

Gordon & Rees LLP, Thomas B. Quinn, Jennifer C. Forsyth, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge GRAHAM.

This consolidated matter concerns two separate but related lawsuits against defendants, Kindred Nursing Centers West, LLC and Kindred Healthcare, Inc. (collectively, Kindred), who operate a nursing home.

As to the first lawsuit (appealed as No. 08CA0811)[1], plaintiffs, Bonnie and Jacqueline Sawyer (collectively, the Sawyer daughters), appeal the trial court's order denying their motion to intervene as well as the judgment dismissing the negligence complaint filed by their mother, Hollis Sawyer (Mrs. Sawyer), under C.R.C.P. 25(a)(1) for failure to substitute parties following Mrs. Sawyer's death. We reverse the judgment dismissing the complaint in that lawsuit and remand with leave to serve the suggestion of death upon the Sawyer daughters and to substitute parties in accordance with C.R.C.P. 25.

As to the second lawsuit (appealed as No. 08CA1514), the Sawyer daughters appeal the trial court's judgment dismissing their claims as estate representatives against Kindred for wrongful death and violations of the Colorado Consumer Protection Act (CCPA).

Because we conclude that the trial court erred in dismissing the first lawsuit and in denying the Sawyer daughters' request to

---

1. We refer to the Sawyer daughters collectively even though they were not parties to the first lawsuit in No. 08CA0811. Jacqueline acted as next friend to Mrs. Sawyer. Both daughters attempted to intervene in the first lawsuit as plaintiffs and both daughters initiated the second lawsuit, appealed as No. 08CA1514.

intervene, we also reverse the judgment dismissing the second lawsuit on the basis of claim preclusion.

## I. Background

Mrs. Sawyer filed a complaint against Kindred on July 1, 2005, alleging numerous acts of negligence by Kindred in caring for her during her residency at the nursing home. Because Mrs. Sawyer was incapacitated, the suit was filed on her behalf by her next friend and daughter, Jacqueline Sawyer.

On July 22, 2005, Mrs. Sawyer died. Kindred had not filed an answer to Mrs. Sawyer's complaint at the time of her death. That same day, Mrs. Sawyer's counsel filed a suggestion of death on the record pursuant to C.R.C.P. 25(a)(1). In the suggestion of death, counsel stated that he was conferring with Mrs. Sawyer's surviving children and would notify the court of any substitution of parties or claims within ninety days.

No substitution of claims or parties occurred, and on November 11, 2005, Kindred filed a motion to dismiss the complaint based on the failure to substitute parties pursuant to C.R.C.P. 25(a)(1). No response to Kindred's motion was filed, and the trial court subsequently dismissed the first lawsuit with prejudice.

On July 17, 2007, the Sawyer daughters, individually and as representatives of Mrs. Sawyer's estate, filed their complaint against Kindred for wrongful death and violations of the CCPA arising from Mrs. Sawyer's care in Kindred's nursing home. The same attorney who represented Mrs. Sawyer in the first lawsuit represented the Sawyer daughters in the second lawsuit. Kindred filed a motion to dismiss the second lawsuit, arguing that the dismissal with prejudice of the complaint in the first lawsuit barred the second lawsuit under the doctrine of claim preclusion. The trial court dismissed the second lawsuit on March 1, 2008 on the basis of claim preclusion.

On March 11, 2008, after both lawsuits had been dismissed, the Sawyer daughters filed a motion to reopen and intervene in the first lawsuit under C.R.C.P. 24(a)(2). The trial court denied the motion as untimely.

These appeals followed.

## II. C.R.C.P. 25(a)(1)

We conclude the first lawsuit was not properly dismissed under C.R.C.P. 25(a)(1).

The Sawyer daughters advance essentially two contentions: (1) C.R.C.P. 25(a)(1) did not apply to Mrs. Sawyer's negligence claim because that claim did not survive her death; and (2) the court lacked authority to dismiss the complaint because Mrs. Sawyer's counsel (now counsel to the Sawyer daughters) failed to comply with the service requirements of C.R.C.P. 25(a)(1).

We conclude that C.R.C.P. 25(a)(1) was applicable to Mrs. Sawyer's negligence claim. We further conclude that C.R.C.P. 25(a)(1) mandates personal service of the suggestion of death on nonparty successors or personal representatives in accordance with C.R.C.P. 4. Because the Sawyer daughters were not personally served with the suggestion of death, the ninety-day limit to substitute parties was not triggered and the trial court improperly dismissed the first lawsuit.

### A. Application of C.R.C.P. 25(a)(1)

The Sawyer daughters contend that C.R.C.P. 25(a)(1) was inapplicable because Mrs. Sawyer's negligence claim did not survive her death. They argue that her claim sought only noneconomic damages and, therefore, they could not have maintained the negligence action. Hence, in their view, the only proper procedure was to commence the second lawsuit as a wrongful death action. We disagree.

■ "[O]ur interpretation of the rules of civil procedure involves questions of law, which we review de novo." *Keenan ex rel. Hickman v. Gregg,* 192 P.3d 485, 487 (Colo. App.2008) (quoting *Isis Litig., L.L. C. v. Svensk Filmindustri,* 170 P.3d 742, 744 (Colo.App.2007)); *see also People v. Shell,* 148 P.3d 162, 178 (Colo.2006) (we interpret rules of procedure consistently with principles of statutory construction); *cf. In re Estate of Wiltfong,* 148 P.3d 465, 468 (Colo.

App.2006) (statutory interpretation is a question of law we review de novo).

C.R.C.P. 25(a)(1) provides in pertinent part that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Section 13–20–101(1), C.R.S.2009, specifies that "[a]ll causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued" (emphasis added). See also Publix Cab Co. v. Colo. Nat'l Bank, 139 Colo. 205, 221, 338 P.2d 702, 710 (1959) (holding that actions of law generally do not die with the person).

The Sawyer daughters argue that because their claim in the second lawsuit is for wrongful death, Mrs. Sawyer's negligence claim in the first lawsuit does not survive her death because her claim sought only noneconomic damages. While section 13–20–101(1) does not preclude an action for wrongful death, it does not state that wrongful death is the exclusive claim that survives the decedent, nor does it provide that claims of the decedent that form the basis of a wrongful death action are extinguished. Here, the Sawyer daughters, as personal representatives of Mrs. Sawyer's estate, could have been substituted as parties and prosecuted the negligence claim. See Espinoza v. O'Dell, 633 P.2d 455, 466 (Colo.1981) (holding that "[t]he personal representative of the decedent's estate, by necessity, stands in the decedent's shoes" in a survival action and "[t]he estate, not the deceased himself, is the real beneficiary of the surviving cause of action").

The Sawyer daughters argue that because Mrs. Sawyer sought damages only for non-economic loss, her negligence claim did not survive her death. We note that Mrs. Sawyer's complaint states that her "injuries include economic and non-economic loss." However, even assuming that her damages were purely noneconomic, as the Sawyer daughters now assert, Mrs. Sawyer's negligence claim nonetheless survived her death.

Section 13–20–101(1) limits damages recoverable in a personal injury survival action to "loss of earnings and expenses sustained or incurred prior to death." This is a limitation on damages and does not modify the plain statement that "[a]ll causes of action" shall survive the death of the plaintiff. The cause of action for negligence survived Mrs. Sawyer's death, regardless of the type of damages to which she was entitled.

Accordingly, we conclude that the trial court properly applied C.R.C.P. 25(a) to Mrs. Sawyer's negligence claim.

B.  Compliance with C.R.C.P. 25(a)(1)

We must next decide whether C.R.C.P. 25(a)(1) required that the suggestion of death be served on the Sawyer daughters pursuant to C.R.C.P. 4, and, if so, whether the trial court had authority to dismiss the case for failure to substitute parties within ninety days. We conclude that C.R.C.P. 25(a)(1) requires personal service at least on the decedent's successors and personal representatives and, absent such service here, the trial court lacked authority to dismiss the complaint because nothing in the record before us establishes that the suggestion of death was properly served on the Sawyer daughters as nonparties under C.R.C.P. 25(a)(1).

C.R.C.P. 25(a)(1) provides that

[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process.

Significant here, the suggestion of death must be served in the same manner as the motion: "Suggestion of death upon the record is made by service of a statement of the fact of death as provided herein for the service of the motion and by filing of proof thereof." Id.

Neither of the Sawyer daughters was a party to the first lawsuit. Although Jacqueline acted as next friend for her mother, a next friend is not a party to the suit. Black v. Cullar, 665 P.2d 1029, 1031 (Colo.App. 1983). Thus, only Mrs. Sawyer was a party;

Jacqueline Sawyer was not a party in her capacity as next friend, nor was Bonnie Sawyer a party.

■ Whether nonparty successors or the personal representative of the decedent must be served with a suggestion of death and how such persons must be served under C.R.C.P. 25(a)(1) are matters of first impression in Colorado. However, Fed.R.Civ.P. 25 is substantively identical to C.R.C.P. 25(a)(1). When a Colorado rule is similar to a federal rule of civil procedure, the court may look to federal authority for guidance in construing the Colorado rule. *Benton v. Adams,* 56 P.3d 81, 86 (Colo.2002); *McDaniels v. Laub,* 186 P.3d 86, 87 (Colo.App.2008). Therefore, we turn to federal authority interpreting Fed.R.Civ.P. 25(a) to inform our analysis of C.R.C.P. 25(a)(1).

Fed.R.Civ.P. 25(a), which was stylistically amended in 2007, explicitly requires that nonparties be personally served with the suggestion of death:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . . .
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. *A statement noting death must be served in the same manner.*

(Emphasis added.)

The federal rules were amended in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed.R.Civ.P. 25 advisory committee's note. The 2007 amendments were "intended to be stylistic only." *Id.* By clarifying in a separate subsection that a suggestion of death must be served in the same manner as the motion and notice of hearing, the 2007 amendments addressed any lingering confusion as to service requirements for a suggestion of death. However, because the 2007 amendments were "stylistic" rather than substantive, the clear implication of the amendment to Rule 25 was that the pre–2007 rule required service of the suggestion of death in the same manner as the motion for substitution and notice of hearing. *See id.*

■ Prior to the 2007 amendments, Fed. R.Civ.P. 25(a)(1) and C.R.C.P. 25(a)(1) were identical. Federal decisions interpreting the previous version of Fed.R.Civ.P. 25(a)(1) consistently held that a suggestion of death must be personally served on the nonparty successors or personal representative of the decedent in the manner provided in Rule 4 to commence the running of the ninety-day time limit for substitution of parties. *See, e.g., Atkins v. City of Chicago,* 547 F.3d 869, 873 (7th Cir.2008); *Barlow v. Ground,* 39 F.3d 231, 233–34 (9th Cir.1994); *Grandbouche v. Lovell,* 913 F.2d 835, 837 (10th Cir.1990); *Fariss v. Lynchburg Foundry,* 769 F.2d 958, 960 (4th Cir.1985); *Inglis v. Buena Vista Univ.,* 235 F.Supp.2d 1009, 1029–30 (N.D.Iowa 2002); *Kaldawy v. Gold Serv. Movers, Inc.,* 129 F.R.D. 475, 477 (S.D.N.Y. 1990); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1955 (3d ed.2007) (suggestion of death must be served "upon persons not parties in the manner provided in Rule 4 for the service of a summons").

Also, while C.R.C.P. 25(a)(1) does not specify which nonparties must be served with the suggestion of death, the language of the rule providing that the "motion for substitution may be made by any party *or by the successors or representatives of the deceased party*" (emphasis added) indicates that, at minimum, the successors or personal representatives of the decedent, as nonparties, must be served in accordance with C.R.C.P. 4. Federal decisions are consistent with this interpretation. In *Atkins,* 547 F.3d at 873, the court held that nonparties with "a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ( [if] it has not been), should cer-

tainly be served." *See also Fariss,* 769 F.2d at 962 (concluding that the "nonparties for whom Rules 25(a)(1) and 4(d)(1) mandate personal service are evidently the 'successors or representatives of the deceased party' ").

We are aware that the Utah Supreme Court in *Stoddard v. Smith,* 27 P.3d 546, 550 (Utah 2001), cited by Kindred, has held that nonparties need not be served with the suggestion of death under Utah R. Civ. P. 25(a)(1), which is substantially identical to C.R.C.P. 25(a)(1), to trigger the ninety-day limitation period. We reject the invitation to adopt the reasoning and interpretation employed in *Stoddard* for two reasons. First, it is well established that federal authority provides guidance when a Colorado rule is similar to a federal rule of civil procedure. *Benton,* 56 P.3d at 86; *McDaniels,* 186 P.3d at 87. The parties do not cite any federal case, and we have found none, holding that a suggestion of death need not be served on nonparties in accordance with Rule 4. Federal case law is decidedly to the contrary, and the latest version of Fed.R.Civ.P. 25 explicitly clarifies that the rule requires personal service of the suggestion of death on nonparties. Second, we perceive that the *Stoddard* court's reasoning is strained because it found an ambiguity in the rule which convinced it that the motion to substitute must be served on successors and representatives, but the suggestion of death need not be so served. We discern that the language of the rule is reasonably clear and are convinced by the fact that so many federal courts agree. Accordingly, we decline to adopt the *Stoddard* court's interpretation of Rule 25(a)(1).

We therefore conclude that to be effective under C.R.C.P. 25(a)(1), the suggestion of death here should have been served upon the Sawyer daughters in accordance with C.R.C.P. 4.

As relevant here, C.R.C.P. 4(e)(1) provides that personal service upon a natural person may be effected by

> delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Process may be served by any person who is eighteen years of age or older and not a party to the action. C.R.C.P. 4(d). Proof of personal service must be made by a "statement duly acknowledged under oath by any other person completing the service as to date, place, and manner of service." C.R.C.P. 4(h)(1).

Here, the Sawyer daughters were the co-personal representatives of Mrs. Sawyer's estate, and nothing in the record shows that the suggestion of death was personally served on them in accordance with C.R.C.P. 4. Notably, the suggestion of death itself lacks any statement or certificate of service. Likewise, Kindred's motion to dismiss the first lawsuit for failure to substitute parties does not allege that the suggestion of death was personally served on the Sawyer daughters. Additionally, Kindred does not dispute that the suggestion of death was not personally served on the Sawyer daughters, arguing instead that "the daughters' attorney cannot complain that he did not properly serve the suggestion of death when he represented Mrs. Sawyer, on whose behalf he filed the suggestion of death." Because C.R.C.P. 25(a)(1) requires personal service of the suggestion of death on nonparties, it is relevant to our analysis that the Sawyer daughters, as interested nonparties, were not personally served with the suggestion of death. The fact that it was Mrs. Sawyer's counsel who filed the suggestion of death and failed to serve it on the Sawyer daughters is not relevant here.

We recognize that the Sawyer daughters were aware their mother had died, and that counsel represented in the suggestion of death that he was "conferring with Mrs. Sawyer's surviving children to determine whether substitutions of parties or claims will be made in this matter." However, nothing in the record before us indicates that the Sawyer daughters were personally served in accordance with C.R.C.P. 4. The plain language of the rule, coupled with the highly

persuasive decisions interpreting the federal equivalent, compel us to conclude that the requirements of C.R.C.P. 2 5(a)(1)—personal service of the suggestion of death on nonparties in accordance with C.R.C.P. 4—were not followed here, and thus the ninety-day time limit for substitution was not triggered.

■ Enforcement of procedural requirements is proper and necessary where it is essential to shield substantive rights. *See Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47, 50 (Colo.2002). The Sawyer daughters would lose the opportunity to litigate the case on its merits were the requirements of C.R.C.P. 25(a)(1) to be disregarded in this case. This would be inconsistent with the "primary purpose of courts ... to provide a forum for litigating disputes." *Id.*

We also note that Kindred could have avoided this result by ensuring that the suggestion of death was personally served on the Sawyer daughters, or, alternatively, filing and serving its own suggestion of death. C.R.C.P. 25(a)(1) states that the motion for substitution may be made by *"any party"* (emphasis added) and served on nonparties in accordance with C.R.C.P. 4. Because the suggestion of death is to be filed and served in the same manner as the motion, it follows that any party may file and serve the suggestion of death. Had Kindred procured personal service of the suggestion of death on the Sawyer daughters, the ninety-day limit would have been triggered.

Because the suggestion of death was not personally served on the Sawyer daughters as Mrs. Sawyer's personal representatives, the ninety-day time limit was not triggered. The trial court thus did not have authority to dismiss the case for failure to substitute parties. *U.S. Nat'l Bank v. Bartges,* 120 Colo. 317, 337, 210 P.2d 600, 610 (1949) (noting that "[j]urisdiction includes not only the power to hear and determine a cause, but to enter and enforce a judgment" and holding that "[i]f there is no right in the court to enter the particular judgment ... the entry is without jurisdiction" (quoting *Hough v. Lucas,* 76 Colo. 94, 101, 230 P. 789, 791 (1924))).

Accordingly, we conclude that the trial court lacked authority and thus improperly dismissed the first lawsuit for failure to sub- stitute parties. As a result, the Sawyer daughters should have been permitted to intervene under C.R.C.P. 24.

## III. Claim Preclusion

Because the first lawsuit was improperly dismissed, we agree with the Sawyer daughters' contention that claim preclusion does not bar the second lawsuit.

■ Claim preclusion works to preclude relitigation of matters that have already been decided, as well as matters that could have been raised in a prior proceeding but were not. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo. 2005). For a claim in a second judicial proceeding to be precluded by the prior proceeding, there must exist (1) finality of the first judgment, (2) identity of the subject matter, (3) identity of the claims for relief, and (4) identity or privity between the parties to the actions. *Id.*

■ There was no final judgment in the first lawsuit because the trial court lacked authority to dismiss it for failure to substitute parties. *See Russell v. Shurtleff,* 28 Colo. 414, 417, 65 P. 27, 28 (1900) (holding that one of the essentials of a valid judgment is that "the court pronouncing it must have jurisdiction to render that particular judgment"). We thus conclude that claim preclusion is inapplicable to the second lawsuit. We need not reach the Sawyer daughters' remaining contentions concerning the other elements of claim preclusion.

## IV. Conclusion

In light of our conclusion that the complaints were improperly dismissed, we need not reach the Sawyer daughters' remaining contentions.

In light of our disposition, we also deny Kindred's request for attorney fees.

The judgment dismissing the first lawsuit is reversed, and the case is remanded for service upon the Sawyer daughters within thirty days and the substitution of those parties and claims as applicable. The judgment dismissing the second lawsuit is also re-

versed, and the case is remanded for further proceedings consistent with this opinion.

GABRIEL and PLANK *, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.