23CA1533 Resort Valley v Bartoletti 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1533 Jefferson County District Court No. 21CV30491 Honorable Tamara S. Russell, Judge Resort Valley Ranch East Inc., a Colorado corporation, Plaintiff-Appellant, v. Dorothy Bartoletti; Vincent Bartoletti; Jefferson County, Colorado; and Bradley Allen Sims, Defendants-Appellees, Daniel Daru; Fredda Sibley; and Randy Sibley, Defendants. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE YUN Moultrie and Davidson*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Creer Law, LLC, Gregory R. Creer, Greenwood Village, Colorado, for Plaintiff-
Appellant Anderson Notarianni McMahon LLC, Gregory J. Notarianni, Joshua D. McMahon, Denver, Colorado, for Defendants-Appellees Dorothy Bartoletti and Vincent Bartoletti 
Kimberly Sorrells, County Attorney, Eric T. Butler, Deputy County Attorney, Jason Soronson, Assistant County Attorney, Amber J. Munck, Assistant County Attorney, Golden, Colorado, for Defendant-Appellee Jefferson County, Colorado Fidelity National Law Group, Brian J. Cosper, Denver, Colorado, for Defendant-
Appellee Bradley Allen Sims *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 The plaintiff, Resort Valley Ranch East Inc. (RVRE), appeals the district court’s summary judgment in favor of the defendants, Jefferson County (the County), Vincent and Dorothy Bartoletti, Bradley Allen Sims, Daniel Daru, and Fredda and Randy Sibley, on RVRE’s claim for an easement by necessity. We affirm the judgment and remand for determination of the Bartolettis’ reasonable attorney fees incurred on appeal. I. Background ¶ 2 This case arises from RVRE’s efforts to obtain an easement permitting it to use a path, White Hawk Trail, that crosses the defendants’ properties. In its complaint, RVRE asserted that a forty-acre parcel of its property (the forty-acre parcel) is landlocked and requires “an easement for ingress and egress” along White Hawk Trail. The forty-acre parcel adjoins a 1,886-acre tract of land (the adjacent RVRE tract) also owned by RVRE. ¶ 3 The parties’ properties and White Hawk Trail are depicted on the following uncontested map: 
2 As shown, White Hawk Trail begins at Foxton Road and travels northwest across the County’s property (labeled “JCOS”) and the properties of Sims, the Sibleys, Daru, and the Bartolettis. The forty-acre parcel is the area marked with red “+” signs, directly west of the Bartolettis’ property. The remaining property on the west side of the map labeled “Resort Valley East, Inc.” is the adjacent RVRE tract. ¶ 4 RVRE asserted claims for an express easement, an easement by prescription, and an easement by necessity. The County, the Bartolettis, and Sims all filed motions for summary judgment, supported by declarations and real estate records, arguing, as 
3 relevant here, that RVRE had not established (and could not establish) the requirements for an easement by necessity.
1 In response, RVRE did not dispute the facts or evidence set forth in the summary judgment motions. Instead, it submitted only an unsworn engineer’s report opining that “White Hawk Trail provides the most reasonable and safest access to [the forty-acre parcel].” ¶ 5 The district court noted that RVRE had “failed to respond to Defendants’ statements of undisputed facts or produce evidence disputing them and thus has waived any objection to them.” In a detailed order, the court found that RVRE had failed to demonstrate any disputed issues of material fact and failed to establish the required elements for any of its easement claims. Accordingly, it granted summary judgment against RVRE. 1 The County, the Bartolettis, and Sims actively defended the claims asserted against them. Although Daru and the Sibleys defaulted, the district court ruled that “[j]udgment is to be determined in Court for all claims asserted in Plaintiff’s Complaint,” and RVRE does not challenge this ruling on appeal. 
4 II. Analysis ¶ 6 On appeal, RVRE contends that the district court erred by denying its claim for an easement by necessity.
2 It also argues that the County’s property is “in the public domain.” The Bartolettis contend that RVRE’s appeal is groundless or frivolous and request their appellate attorney fees and costs. We address each contention in turn. A. Easement by Necessity ¶ 7 We first address RVRE’s contention that the district court erred by denying its claim for an easement by necessity. We are not persuaded. 1. Standard of Review ¶ 8 We review summary judgment decisions de novo. Hunter v. Mansell, 240 P.3d 469, 474 (Colo. App. 2010). “Summary judgment is appropriate only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact 2 On appeal, RVRE does not renew its claims for an express easement or an easement by prescription. We thus consider these claims abandoned. See Gonzales v. Windlan, 2014 COA 176, ¶ 32 n.1 (appellate court will not address claims raised below but not reasserted on appeal). 
5 and that the moving party is entitled to judgment as a matter of law.” Id.; see C.R.C.P. 56(c). In evaluating a motion for summary judgment, all doubts must be resolved against the moving party, and the nonmoving party is entitled to the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts. Hunter, 240 P.3d at 474. ¶ 9 The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Id. To satisfy this burden of production, the moving party must inform the court of the basis for its motion and identify those portions of the record and of the affidavits that it “believes demonstrate the absence of a genuine issue of material fact.” Cont’l Air Lines, Inc. v. Keenan, 731 P.2d 708, 712 (Colo. 1987). Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party. Id. “The nonmoving party must show that there is a genuine issue of material fact with admissible evidence and cannot rely on either pleadings or argument alone.” Hunter, 240 P.3d at 474. 
6 2. Law and Discussion ¶ 10 “An implied easement of necessity arises when the owner of a tract of land conveys part of that tract to another party, leaving either the part conveyed or the part retained without access except over the other part.” Campbell v. Summit Plaza Assocs., 192 P.3d 465, 469 (Colo. App. 2008). Three requirements must be met to establish an implied easement of necessity for access to land: (1) there must be unity of ownership of the entire tract prior to severance, meaning that the original ownership of the entire tract must have been held by a single grantor prior to a division thereof; (2) the necessity for the easement must exist at the time of severance; and (3) the necessity for the easement must be great. Id. at 470. “The burden of proving the existence of an implied easement of necessity is on the party claiming the easement.” Id. a. Unity of Ownership ¶ 11 In 2002, RVRE conveyed the forty-acre parcel to Eric and Nancy Meyers, who at that time also owned the property that now belongs to the Bartolettis. In 2009, the Meyers conveyed the forty-acre parcel back to RVRE. RVRE thus asserts that “there was common ownership between [the forty-acre parcel] and the 
7 Bartolettis’ [p]roperty when both properties were owned by Eric and Nancy Meyers.” ¶ 12 RVRE does not assert that the forty-acre parcel was ever under common ownership with the properties of Daru, the Sibleys, Sims, or the County. Instead, it argues that we should not apply the unity of ownership requirement with respect to those defendants. Specifically, it argues that upholding the requirement that “some . . . party needed to own all of the lands crossed by White Hawk Trail at one time” would lead to the “absurd result” of “allow[ing] parcels to be cut off upon historical accident.” ¶ 13 In support of its argument that we should find the unity of ownership requirement satisfied by the period of common ownership between the forty-acre parcel and the Bartolettis’ property alone, RVRE relies on a statement in Campbell that “unity of title does not require the dominant and servient estate to be carved out of a previously undivided single parcel.” Id. at 472. But RVRE misreads Campbell. ¶ 14 In Campbell, the grantor owned several contiguous parcels of land and conveyed one of them to the buyers. Id. at 468. When the buyers discovered that their parcel lacked legal access to a public 
8 street or highway, they sought an easement by necessity across the grantor’s land. Id. The grantor contended that the buyers could not show unity of ownership of the entire tract prior to severance “because the parcels involved here were never part of a single tract and therefore could not be severed.” Id. at 471. The Campbell division disagreed and upheld the trial court’s ruling that “ownership, not lot divisions, is the key element when considering unity of title and a subsequent severance.” Id. at 472. Accordingly, the division concluded that “the unity requirement is satisfied if the grantor owns separate but contiguous parcels before conveying one of them.” Id. ¶ 15 An important difference between this case and Campbell is that in Campbell, the buyers’ parcel and the land across which they sought an easement by necessity had all been previously owned by the grantor. The fact that the grantor owned contiguous parcels rather than a single tract did not matter because common “ownership . . . is the key element.” Id. (emphasis added). Here, in contrast, the undisputed facts establish that the forty-acre parcel was never under common ownership with the properties of Daru, the Sibleys, Sims, or the County. Campbell thus provides no 
9 support for RVRE’s argument that we should disregard, with respect to all defendants except the Bartolettis, the requirement that the original ownership of the dominant and servient estates “must have been held by a single grantor prior to a division thereof.” Id. at 470. ¶ 16 RVRE cites no other authority, nor are we aware of any, in support of its argument. We thus conclude that it has failed to establish unity of ownership with respect to the properties of Daru, the Sibleys, Sims, or the County. With respect to the Bartolettis’ property, we proceed to consider the remaining two requirements for an easement by necessity. b. Necessity at the Time of Severance ¶ 17 RVRE does not address, either in the district court proceedings or on appeal, the requirement that “the necessity for the easement must exist at the time of severance.” Id. at 470. Although it states (without citation to the record) that the Meyers “conveyed the [forty-acre parcel] back to RVRE” in December 2009, presumably making this the time of severance, it does not discuss the necessity for the easement at this time. Thus, we agree with the 
10 district court that RVRE has “fail[ed] to demonstrate that a necessity existed at the time of severance.” c. Great Necessity ¶ 18 “A party seeking an easement of necessity must show a practical inability to have access other than by way of necessity.” Id. “Although absolute physical impossibility of reaching the alleged dominant estate is not a requisite, an easement by [necessity] will not be found if there are alternatives offering reasonable means of ingress and egress.” Id. ¶ 19 RVRE argues that the engineer’s report it submitted in response to the summary judgment motions created a factual issue regarding “whether [it] has the practical inability to access the [forty-acre parcel] by routes other than White Hawk Trail” — specifically, through the adjacent RVRE tract, which the defendants assert provides alternate access — and that the district court erred by “determining that such an engineering report was either immaterial or not credible.” But as the district court noted, the “unsworn engineering report” did not constitute admissible evidence “to demonstrate that [RVRE] cannot access” the forty-acre parcel by other routes. “Unsworn expert witness reports are not admissible 
11 to support or oppose a motion for summary judgment.” McDaniels v. Laub, 186 P.3d 86, 87 (Colo. App. 2008). Accordingly, RVRE’s unsworn expert report was insufficient as a matter of law to create an issue of material fact, and the district court correctly declined to consider it. ¶ 20 Because RVRE did not submit competent evidence to dispute the defendants’ evidence that RVRE could access the forty-acre parcel by routes other than White Hawk Trail, it has failed to establish the requirement of great necessity for an easement over the Bartolettis’ property. See Cont’l Air Lines, 731 P.2d at 712 (once the moving party has met its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party). ¶ 21 We thus conclude that RVRE has not established the requirements for an easement by necessity with respect to any of the defendants’ properties. B. Public Domain ¶ 22 Next, RVRE argues that the County’s property is “in the public domain.” We decline to address this argument because it was inadequately preserved. 
12 ¶ 23 In its response opposing the County’s summary judgment motion, RVRE raised a new claim that the portion of White Hawk Trail on the County’s property “must be a public highway . . . under C.R.S. § 43-2-201.” RVRE did not reference a subsection of that statute, which identifies five types of roads “declared to be public highways.” § 43-2-201(1), C.R.S. 2023. But it argued that it had been using White Hawk Trail “without interruption” for decades, implying that it was referring to section 43-2-201(1)(c), which provides that “[a]ll roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years” are public highways. ¶ 24 The district court likewise inferred that RVRE was referring to section 43-2-201(1)(c). It thus found that, because RVRE has failed to allege or establish that it has adversely used these portions of White Hawk Trail [on the County’s property] to show it is a public highway pursuant to C.R.S. § 43-2-201(1)(c), and because no other subsections of the statute apply, it has failed to demonstrate that it is entitled to a prescriptive easement over the County’s property via C.R.S. § 43-2-201(1)(c). 
13 ¶ 25 On appeal, RVRE asserts, without citation to the record or to legal authority, that the County’s property is “in the public domain” and is therefore a public highway under section 43-2-201(1)(e), which provides that “[a]ll roads over the public domain” are public highways. It argues that the district court erred “in that [it] only considered subsection (1)(c) in its ruling and ignored the more relevant subsection (1)(e),” but RVRE never presented an argument under subsection (1)(e) to the district court. Nor does it now provide any basis for its assertion that the County’s property is in the public domain, an assertion the County vigorously disputes. ¶ 26 Because we do not address unpreserved or undeveloped arguments, we decline to address RVRE’s argument under section 43-2-201(1)(e). See Crown Life Ins. Co. v. Haag Ltd. P’ship, 929 P.2d 42, 45 (Colo. App. 1996) (“[B]ecause this issue was not presented for consideration by the trial court and was raised for the first time on appeal, we decline to address it.”); People in Interest of D.B-J., 89 P.3d 530, 531 (Colo. App. 2004) (where appellant does not identify supporting facts, make specific arguments, or set forth specific authorities to support his contention, the contention is not 
14 properly before the appellate court, and the appellate court will not address it). C. Attorney Fees ¶ 27 The Bartolettis contend that RVRE’s appeal is groundless or frivolous and request their attorney fees and costs
3 incurred on appeal pursuant to C.A.R. 38(b) and section 13-17-102(2), C.R.S. 2023. We grant the fee request and remand for the district court to determine the reasonable amount of the Bartolettis’ appellate fees. ¶ 28 Under C.A.R. 38(b), the appellate court may award attorney fees as a sanction for filing a frivolous appeal. And attorney fees may be awarded under section 13-17-102(2) when the court determines that an attorney or party brought an action that lacked substantial justification, meaning that the action was substantially frivolous, substantially groundless, or substantially vexatious. § 13-17-102(4). 3 Under C.A.R. 39(a)(2), if a judgment is affirmed, costs are taxed against the appellant. But C.A.R. 39(c)(2) provides that “[a] party who wants costs to be taxed in the appellate court must file an itemized and verified bill of costs with the clerk of the trial court” within fourteen days after entry of the appellate mandate. (Emphasis added.) Thus, on remand, the Bartolettis should follow the procedure set forth in C.A.R. 39. 
15 ¶ 29 “Frivolous appeals include those that lack ‘any rational justification’ as well as those ‘where the proponent failed to present a plausible argument in support of a novel claim.’” Hamilton v. Noble Energy, Inc., 220 P.3d 1010, 1014 (Colo. App. 2009) (quoting Wood Bros. Homes v. Howard, 862 P.2d 925, 935 (Colo. 1993)). ¶ 30 Here, we agree that RVRE’s contentions on appeal are substantially frivolous and that an award of appellate attorney fees is appropriate under C.A.R. 38(b) and section 13-17-102. Although “good faith attempts to extend, modify, or reverse existing law are not frivolous,” City of Aurora v. Colo. State Eng’r, 105 P.3d 595, 620 (Colo. 2005), RVRE has not presented a plausible argument in support of its claim that we should disregard the unity of ownership requirement as to all defendants except the Bartolettis. Rather, it relies, as it did before the district court, exclusively on Campbell, despite the district court’s clarification of that case: Notably however, the court in Campbell indicated that two separate but adjacent parcels owned by the same party were under common ownership, not that two adjacent parcels owned by different individuals shared unity of title. 
16 ¶ 31 Likewise, RVRE argues that the district court erred by declining to consider its engineer’s report without addressing the court’s concern that the report was unsworn. It also fails to address one of the three requirements for establishing an easement by necessity, meaning that even if it had prevailed as to common ownership and great necessity, we would still have been obliged to deny the appeal. And it fails to provide facts or law in support of its argument that the County’s property is in the public domain. Finally, RVRE does not provide a single citation to the record on appeal, in violation of C.A.R. 28(a)(7)(A). ¶ 32 Accordingly, we direct the district court on remand to determine the amount of the Bartolettis’ reasonable attorney fees incurred on appeal and to assess that amount against RVRE. III. Disposition ¶ 33 The judgment is affirmed, and the case is remanded for a determination and award of the Bartolettis’ reasonable appellate attorney fees. JUDGE MOULTRIE and JUDGE DAVIDSON concur.